Zugg v. Turner.

---

## ZUGG *v.* TURNER.

Where a lease of a building provided, that if the lessee would put up a summer kitchen, adjoining the rooms leased, on the south, the lessor would pay him the cost of it, at cash rates, at the expiration of the lease ; and where the lessee built the kitchen, and on the day it was completed, assigned the demand for the payment of it, on the lease, as follows : " For value received, I hereby assign to F. Z., all my rights and benefits of the last clause of the within lease, and empower him to collect the cost of the said kitchen, and apply the same for his own benefit ;"    *Held,* 1. that the fact that the agreement to pay for the kitchen was in writing, did not constitute it such an agreement as is intended by section 949 of the Code ; 2. That the claim assigned was only an open account, coming under section 951, which permitted the assignee to bring suit on the claim, in his own name, and gave the debtor the right to avail himself of any defense or set-off, legal or equitable, against the assignee which he had against the assignor, before the commencement of the suit·

T. made to F. a written lease for five months, of part of a building in Keokuk, at $10 00 per month, payable at the end of each month.    As this lease was about to expire, it was extended by a new lease in writing, for one year, the rent payable as before, the last clause of which lease provided, that if F. would put up a summer kitchen adjoining the rooms leased, on the south, T. would pay him the cost of it at cash rates, at the expiration of the lease, which lease expired on the 26th of April, 1858. F. built the kitchen, which was finished on the 16th of October, 1857, and on the same day assigned the demand for payment to Z., by writing

on the lease as follows :   ·'For value received, I hereby assign  to F. Z.,
all  my  rights  and  benefits of  the last clause of  the within lease,  and
empower him  to collect the cost of  said kitchen, and  apply the same for
his benefit."    Z. then  sued T. for $60  00, the cost and value of  the said
work, and the  defendant  claimed  a set-off  of $50  00, as due him  from
F., for the last five months' rent  of the premises, and $10  00 for the use
of  another lot;  *Held,*  That the defendant was entitled to set off-the rent
against the cost of  the kitchen.

## Appeal from the Lee District Court.

### SATURDAY, APRIL 9.

TURNER made to Chas. Folger a written lease, for five
months, of part of a building in Keokuk, at ten dollars per
month, payable at the end of each month.    As this lease
was about to expire, it was extended by a new lease in wri-
ting, for one year, the rent payable as before.    The last
clause of the instrument was a contract to the effect, that if
Folger would put up a summer kitchen, adjoining the
rooms leased, on the south, Turner would pay him the cost
of it, at cash rates, at the expiration of the lease which was
on 26th of April, 1858.    Folger built the kitchen, which
was finished on the 16th October, 1857, and on the same
day assigned the demand for the payment to Zugg, by wri-
ting on the lease, in these terms :   " For value received, I
hereby assign to Frederick Zugg all my rights and benefits
of the last clause of the within lease, and empower him to
collect the cost of the said kitchen, and apply the same for
his own benefit."

Zugg now sues Turner for sixty dollars, as the cost and
value of the said work.    The defendant claimed a set-off of
fifty dollars, as due him from Folger for the last five month's
rent of the premises, and ten dollars for the use of another
lot.

The action was commenced before a justice of the peace,
who found for the plaintiff, and the defendant appealed.
Upon the appeal, the cause was tried by the court, who
found the lease, the extension, and the assignment as is

above stated, and the contract relating to the building; that Folger did the work, and that the value of it was $47,10; that at the time of the assignment from Folger to Zugg, Folger was not indebted to Turner; that Turner had notice of the assignment before Folger became indebted to him, but that at the time Folger quit the premises, and previous to the commencement of this suit, he was indebted to Turner in the sum of $50 for the rent; and that Zugg was indebted to him $10, for the rent of another lot as a lumberyard. On these facts, the court rendered judgment in favor of the plaintiff for $37,10, and ordered that he pay the costs of ("this court,") the district court. To this, the defendant excepted, and he appeals.

*Turner & Craig*, for the appellant.

*Chas. W. Lowrie*, for the appellee.

WOODWARD, J.—The question in the case is, whether the defendant was entitled to his set-off of fifty dollars.

It would seem that Folger had paid the rent up to the 26th of October, 1857, and that Turner permitted that of the remaining five months to stand unpaid, as if, with it, to pay the cost of the new building. At the time of the assignment from Folger to Zugg, Folger was owing Turner nothing, and Turner had notice of the assignment, but yet seeks to set-off against Zugg the rent which accrued after the assignment, all of which fell due before the bringing of the action.

The defendant places his claim to a set-off upon section 952 of the Code; and to avoid this, the plaintiff's argument is of the following tenor, and is so ingeniously put that it should not be passed in silence. He says: "Now, what is an 'open account.' In 2 Story's Equity, it is said, that by mutual credit we are to understand a knowledge, on both sides, of an existing debt due to one party, founded on and trusting such debt, as a means of discharging it. The mere existence of distinct debts, without mutual credit,

VOL. VIII.—29

will not give a right of set-off in equity." Did Turner, he asks, depend upon Folger's building the kitchen as a consideration and security for the payment of the rent? And he argues that the credits were not given in dependency upon each other; and urges that as Folger was not indebted at the time of the assignment, and as there was no open account between Folger and Turner, therefore the set-off should not be allowed. He cites, further, *Davis* v. *Milbourn*, 3 Iowa, 163.

The party here seeks to place this upon the ground of equitable set-off. But the principles upon which these are based, and the rules by which they are governed, are entirely different from those which govern in law. In this, a mutual dependency—a mutual credit, in the equity sense, is not required. It is sufficient that there be a debt on each side, as is seen often in the fact of setting off a debt purchased from a third party, as a note, bill, &c. Our statute speaks of an open account. This party asks, what is an "open account," and proceeds to answer the question by showing what are mutual credits in the equity sense. His error lies in confounding the legal notion of a set-off with the equitable notion of mutual credits.

The case of *Mead v. Gillett*, cited from 19 Wend., 397, proceeds upon the common law rule, which was the law here before our present statute, but which is not now applicable. And perhaps the same remark is true of *Watt* v. *The Mayor*, &c., 1 Sandf., 23, or at least that case goes upon a rule pertinent to liquidated demands only; and to render it available, the party singularly attempts to make it appear that this account for erecting the kitchen, is a liquidated demand, upon the ground that that is certain which can be made certain; and this, he says, is effected by the proof and judgment.

Enough has been said to show the argument upon which the plaintiff stands. But the case falls plainly under section 952 of the Code, as affected by section 951, and the provision is thus: "An open account of sums of money due on

contract, may be assigned, and the assignee will have the right of action in his own name, but the maker (debtor), may avail himself of any defense or set-off, legal or equitable, against the assignee, which he may have against any assignor thereof before suit is commenced." The fact that the agreement to pay for the building is in writing, does not constitute it such an "instrument" as is intended in sections 949 to 952, but the claim is nevertheless only an open account. The whole contract was not assigned. Zugg was not to do the work, but Folger did it, and then assigned, so that the only thing which was assigned was the claim for the money—the "open account."

The set-off should have been allowed; wherefore the judgment is reversed, and the cause remanded for a new trial.

Reversed.