## SCRIBNER, BURROUGHS & Co. v. VANDERCOOK.

1. **Judicial Sale:** REDEMPTION: EQUITABLE ASSIGNMENT. Plaintiffs were the holders of a certificate of purchase at tax sale of certain land, upon which their right to a deed had accrued, and also a sheriff's certificate of sale on execution covering the same land as a part of a larger tract. Defendant, being a junior lien holder, redeemed from the sheriff's sale, and the plaintiffs, after the execution to them of a tax deed to the smaller tract, received the money so paid in redemption, and assigned the sheriff's certificate, "and the lands therein described," to the defendant. No claim of mistake was made by either party: *Held*, that such receipt and assignment constituted the defendant the equitable owner of all the plaintiffs' interest in the land, and entitled him to a conveyance from them of the portion covered by their tax deed. DAY and SEEVERS, JJ., *dissenting*.

*Appeal from Cherokee District Court.*

TUESDAY, OCTOBER 19.

ACTION to recover forty acres of land. The plaintiffs' claim is based on a tax deed. The defendant claims that he acquired from plaintiffs their interest in the land after the execution of the tax deed. He prays that they be barred from setting up any title to the land, and that they be decreed to convey the same to him. The court denied the relief asked by him, and rendered judgment for the plaintiffs. The defendant appeals.

*Eugene Cowles*, for appellant.

*Kellogg & Herrick*, for appellees.

ADAMS, CH. J.—After the tax sale, but before the tax deed was executed, the plaintiffs obtained a judgment against the owner of the land; sold the same upon execution, and became the purchasers thereof at the sheriff's sale. The defendant in the meantime held a junior lien upon the land. As junior lien-holder he paid to the clerk of the court, with the view of redeeming from the execution sale, the sum of $106.02, being the amount for which the land was sold, with interest. The payment was made within the time allowed by statute to junior lien holders to redeem from execution sales, but the payment was made too late nevertheless to effect a redemption, because a tax title had then virtually accrued. The tax deed had not been executed, but the plaintiffs had become entitled to one, and soon after procured one. The money, however, paid by the defendant with a view to redeeming from the execution sale was not withdrawn by him, but was allowed to remain in the hands of the clerk, and afterward the plaintiffs drew it and executed to the defendant upon the sheriff's certificate held by them a writing, which is in these words: "We hereby assign, transfer, and set over to M. Vandercook the within certificate and the lands therein described," and they delivered the same to the defendant.

*1. JUDICIAL sale: redemption: equitable assignment.*

It is averred by the defendant in his answer and cross-bill, and not denied, that this was done in consideration of the $106.02 theretofore paid by him to the clerk of the court, and drawn by the plaintiffs. The defendant's theory is that this money was received by the plaintiffs for the land, and that he thereby became at least the equitable owner. The plaintiffs' theory is that the money was received by them for a void sheriff's certificate, and that the defendant took nothing.

If the money had been received by plaintiffs, and the assignment had been made by them to defendant, under a mistaken idea that no tax title had at that time accrued, we are not prepared to say that plaintiffs, upon discovery that a tax title had accrued, might not properly insist upon it, and remit defendant to his right of action against them for money received by them under a mistake. But they do not aver any mistake. Indeed, it is abundantly evident that there was no mistake on their part. If there was none they knew when they took the defendant's money that he would ·take in consideration of it either the land or nothing. In our opinion they cannot ·be permitted, while still holding the money, to insist that the defendant took nothing. The assignment purports to be a transfer of the land as well as of the certificate. If we should hold that the money was not received by plaintiffs for the land we should convict them of dishonesty. In our opinion the defendant is entitled to a decree for a deed.

REVERSED.

DAY, J., *dissenting.*—I do not concur in the reasoning or conclusion of the foregoing opinion. The land in controversy was sold to Scribner, Burroughs & Company, at a tax sale, on the 4th day of November, 1872, for $26.06. On the 26th day of October, 1875, the land in controversy was duly sold on execution to plaintiffs, for the sum of $100. Notice of the expiration of the time of redemption from the tax sale was duly served, and was completed on the 17th day of February, 1876. On the 3d day of June, 1876, the defendant paid into the office of the clerk $106.02, for the plaintiffs, in redemption of the said land from the sheriff's sale. On the 16th day of June, 1876, a treasurer's deed was executed to the plaintiffs for the land. On the 15th day of July, 1876, the plaintiff received from the clerk of the District Court $106.02, the amount paid by the defendants in redemption from the sheriff's sale. On the 20th day of March, 1877, plaintiffs executed the assignment set out in the majority

opinion. It thus appears that before the defendants paid the money to the clerk to redeem from the sheriff's sale the time of redemption from the tax sale had expired, the notice prescribed by statute had been given, and the plaintiffs had become entitled to a tax deed.

The plaintiffs made no false representation or concealment. The tax sale was a matter of public record, and the defendant, it must be presumed, paid his money with a knowledge of all the facts. This money remained in the hands of the clerk at the time the plaintiffs took their tax deed. So long as the redemption money remained in the hands of the clerk, it cannot be doubted that the plaintiffs were entitled to a tax deed. It is not claimed that the tax sale was not properly conducted. The tax deed executed pursuant to the sale, therefore, vested in the plaintiffs an absolute title to the property. If the money for redemption from the execution sale had been permitted to remain in the hands of the clerk, that is, if the plaintiffs had simply neglected to draw the money, it cannot be doubted that the plaintiffs' title would have remained absolute. What, then, is the effect of the plaintiffs withdrawing this money from the clerk? Did that act operate to defeat a valid title already acquired? I think not. The most that can be claimed, I think, is that this money was appropriated by the plaintiffs without consideration, and that the defendant may, in an appropriate action, recover it. It is claimed, however, that the plaintiffs have, by the execution of the assignment, surrendered all claim to the property. The plaintiffs assign, transfer and set over the certificate and the lands described therein. The defendant was entitled to an assignment of the certificate of purchase, upon making redemption from the sheriff's sale. Code, § 3120. A written instrument may be assigned, and all the rights which it confers thus passed to the assignee. But an assignment simply of "land" is a mode unknown to the law of transferring either a legal or an equitable title. I think that the words "and the lands described therein," employed in the assign-

ment, mean no more than that the lands are assigned so far as that may be accomplished by a transfer of the certificate. It is claimed that, if this construction be adopted, the plaintiffs executed the assignment knowing that the defendant took nothing thereby. This does not necessarily follow; although the plaintiffs had received a tax deed for the land, they had no means of knowing that the defendant did not intend to contest the validity of that deed. They could not know, certainly, that the tax title would not be successfully assailed.

Indeed, from the fact of the defendant tendering redemption from the execution sale, after the time for redemption from the tax sale had expired, the plaintiffs had a right to believe that the defendant had some real or supposed defense to the tax deed. The view of the majority, however, involves the conclusion that the plaintiffs voluntarily surrendered a valid tax title upon the lands for nothing, for it is not claimed that the redemption money amounted to more than the sum for which the land sold at sheriff's sale, and interest. In my opinion the judgment of the District Court should be affirmed.

Mr. Justice SEEVERS concurs in this dissent.

### SUPPLEMENTAL OPINION.

ADAMS, CH. J.—The plaintiffs claim in a petition for rehearing that the court overlooked a material fact, and that is, that the sheriff's certificate covered 120 acres of land besides the 40 acres in controversy; that by the redemption by defendant, and assignment to him of the certificate, he acquired the 120 acres. This fact the plaintiffs claim is sufficient to meet the view of the court that it would be inequitable to allow plaintiffs to receive the money paid in redemption of the land in controversy, and hold the land too.

It appears from the record that the sheriff's certificate did purport to cover 120 acres of land besides the land in controversy, and that the $106.02 paid by defendant with a view

of redeeming was paid with the view of redeeming the entire tract.

The defendant in his argument denies that the execution debtor had any interest in any part of the tract except the 40 acres in controversy. This denial, of course, could not change the record. It could only have the effect to show that the defendant did not concede such interest, and insisted that the record did not show it.

Upon looking into the record it appeared to us that we could not find as a fact that the defendant acquired the 120 acres. The sheriff's sale of it as the property of the execution debtor did not prove that it was his. Besides, in the view which we took of the case, the question as to whether the execution debtor had an interest in the 120 acres did not appear to be material. If such interest were conceded it would not change the result, but merely require a modification of the language of the opinion to a small extent. The certificate upon plaintiffs' theory would not be wholly void, but only in respect to the land in controversy. The fact would remain that the money paid by the defendant to redeem the land in controversy was received by plaintiffs, and they executed to him an assignment in which they undertook to assign to him not only the certificate which covered the land in controversy, but undertook to assign the land itself. The majority thought, and still think, that the receipt of the money and execution of the assignment taken together operated as an equitable transfer, at least, and that the defendant was entitled to the relief for which he prayed. The petition for rehearing is overruled.