## MARTINDALE v. BURCH.

1. **Chattel Mortgage:** RELEASE OF: ASSIGNMENT OF NOTES:. Where a mortgage given to secure several notes, was released of record by the mortgagee, who had previously assigned the notes and supposed they had been paid, such release will not discharge the mortgagee as to any one of said notes, in the hands of an assignee, remaining unpaid.

*Appeal from Adams Circuit Court.*

FRIDAY, DECEMBER 9.

THIS is an action to recover for the foreclosure of a chattel mortgage. There was a decree for the defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*Maxwell & Spurrier*, for appellant.

*Davis, Wells & Russell*, for appellee.

ROTHROCK, J.—On the 24th day of November, 1866, J. O. B. Scoby and Geo. W. Hopp, executed and delivered to George E. King a chattel mortgage upon certain printing presses and printing material, to secure the payment of over two thousand dollars, for which certain negotiable notes were given to King. Among these notes there were ten for the sum of $80 each, described in the mortgage as of the date of August 7, 1876, and the first one to become due December 15, 1876, and one to become due on the 15th of each month thereafter. The note for $80 which become due on June 15th, 1877, was by mistake dated on June 15th, 1876, instead of August 7, 1876, as intended by the parties. On June 10, 1877, this note was indorsed and transferred by King to the plaintiff. On the 2d day of January, 1879, defendant purchased the printing office and materials of Scoby & Hopp.

The question to be determined is whether the defendant by

his purchase of the property from Scoby & Hopp holds it dis-

1. CHATTEL mortgage: release of: assignment of note.

charged of the lien for the amount of the note indorsed by King to the plaintiff? As between the parties to the mortgage and note, the mistake in the date of the note was wholly immaterial. The mortgage secured the debt, and a mere mistake in the date of the note was of no consequence. Notes secured by mortgage may be renewed and new notes taken, and the mortgage remains security for the debt. These rules of the law are so familiar and well settled as to require no citation of authority for their support. It remains to be determined whether the defendant Burch has any rights in the matter in controversy superior to those of the mortgagors. This depends somewhat upon the evidence. It appears that when he made his purchase a number of the other notes were still unpaid and were held by one Sigler, who also had possession of the mortgage. Burch paid these notes, and on inquiry of Sigler, Scoby and Hopp, was assured that there were no other notes outstanding and unpaid. He had no actual knowledge that the note in suit was owned by the plaintiff, nor that it was in existence. The mortgage at that time was of record and not released. After Burch paid the Sigler notes, Sigler wrote to King and procured a written release of the mortgage. The release expressly states that King has no interest in the notes secured by the mortgage, having transferred them to other parties.

When King indorsed the note in suit to the plaintiff the effect thereof was to transfer the lien of the mortgage *pro tanto*, and no assignment of the mortgage was necessary. That an assignment or transfer of a note secured by a mortgage operates as an assignment of the mortgage lien is a settled rule of the law. This transfer of the lien was in no manner affected by the mistake in the date of the note. Burch was not in the least prejudiced, deceived, or misled by the mistake. He was charged by the record of the mortgage with the correct amount of the note and time of its maturity. Was his reliance upon

Martindale v. Burch.

the information which he received from the mortgagors and Sigler sufficient to protect him from the establishment of this note as a lien upon the property? It appears to us very clear that it was not. That a purchaser of mortgaged property may safely rely on the statements of the mortgagor, that the debt had been paid, is a proposition that no one would contend for. The possession of the mortgage by Sigler was a circumstance tending to mislead defendant. But this was clearly insufficient. The mortgage secured the payment of twenty-two notes in all, and the notes having been transferred to different persons, one only could have possession of the mortgage. The mortgage recites that payment of the notes shall be made to King, his heirs, assignees, etc., and the defendant was charged with notice of such assignments as had been made.

The case is triable anew in this court and a decree may be entered here or in the court below in accord with this opinion, at the option of appellant. The note in suit provides for attorney's fees and no evidence was introduced in the court below of the value thereof. The decree will be that $80 with interest at ten per cent per annum from August 7th, 1876, be established as a lien upon the mortgaged property.

REVERSED.

ROTHROCK, J.—Since filing the foregoing opinion, our attention has been called to a mistake in the recital of facts therein. The mistake consists in the statement that Sigler as well as Scoby and Hopp assured the defendant that there were no other notes outstanding and unpaid. It does not appear that Sigler made such representations. He was inquired of by defendant whether or not he knew of any other notes than those held by himself, and whether or not he made answer to such inquiry does not appear. The affirmative representations appear to have been made by Scoby. This correction in no manner affects the principle or rule of the opinion, and is made merely for the purpose of having an entirely accurate statement of the facts.