HAYWOOD & SON v. SEEBER ET AL.

1. **Promissory Note:** PAYMENT TO PAYEE AFTER INDORSEMENT. Under section 2546 of the Code, where a promissory note is indorsed after maturity, and the maker, having no notice of the indorsement, afterwards makes payment to the original payee, he may plead such payment as a *defense* in an action upon the note against him by the indorsee.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, OCTOBER 3.

ACTION to foreclose a mortgage securing a promissory note. The plaintiffs appeal from a judgment of the circuit court overruling a demurrer to defendant's answer. The pleadings are set out in the opinion.

*Aylett R. Cotton* and *E. C. Walsh*, for appellants.

*A. P. Barker* and *A. L. Schuyler*, for appellees.

BECK, J.—I. The petition shows that plaintiffs are the indorsees of the negotiable promissory note, and the assignees of the mortgage securing it, which are the foundation of the action, and that the transfers were made after the maturity of the note. The answer alleges that defendants made payment in full of the note to the payee before they had notice of the transfer thereof to plaintiffs. The plaintiffs demurred.

to the answer, on the ground that "it is not therein alleged that the note and mortgage sued on, or any part thereof, had been paid prior to the time said note was indorsed and transferred to the plaintiffs, and for the reason that the plaintiffs, as the indorsers of said note after it was due, were not by the law required to notify the defendants, or either of them, of said indorsement, in order to prevent payment to the indorser."

II. The demurrer, which was overruled by the court below, presents this question: Is payment to the payee by the maker, without notice of the transfer made after maturity, a defense to the action by the indorser? This is the only question in the case. It is stated in different language by counsel of the respective parties, which substantially presents the same thought.

Code, § 2546, is in the following language: "In the case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counter-claim, defense or cause of action, whether matured or not, if matured when plead, existing in favor of the defendants and against the assignor before notice of the assignment; but this section shall not apply to negotiable instruments transferred in good faith and upon valuable consideration before due." Code, § 2086, provides that, "when by the terms of an instrument its assignment is prohibited, an assignment of it shall nevertheless be valid, but the maker may avail himself of any defense or counter-claim against the assignee, which he may have against any assignor thereof before suit is commenced thereon." The following section extends the provision to open accounts, and prescribes that they may be assigned.

The section first quoted is applicable to the case before us, as it contemplates negotiable paper and other instruments assignable at law. Section 2086 and 2087 provide that all instruments and accounts may be assigned.

Under section 2546, defense may be pleaded to actions upon choses in action, except negotiable paper transfered before maturity, which existed before notice of the assignment. The

provision implies that in actions by an assignee upon negotiable paper, transferred after maturity, such defenses as arise after notice of assignment cannot be pleaded, but that defenses arising before such notice may be pleaded. Payment is a defense, if the defense did exist; that is, if payment had been made before notice of assignment, it may be pleaded in an action by an assignee. Considering the plain language of the statute, there is no escape from this conclusion. See *Brooks v. Twitchell*, 6 Metc., 513; *Downing v. Gibson*, 53 Iowa, 517.

III. Counsel for plaintiffs cited *Martindale v. Burch*, 57 Iowa, 291, and *Whittaker v. Kuhn*, 52 Id., 315, in support of their position that defendants are liable, even in case they had no notice of the transfer of the note and mortgage. These cases are not in point, the matter of notice being in neither. In the last case, the defense pleaded was based upon the defendant's own negligence or failure in paying his subscription for stock in a corporation, whereby it became forfeited. The note was given for prior assignments, and the forfeiture of the stock for non-payment of instalments was pleaded as a defense to the action.

IV. Plaintiff's counsel insists that Code, § 2546, above quoted, is applicable only in count-claims, in providing that want of notice of the assignment shall authorize "any counter-claim, defense or cause of action" to be pleaded. But the position is in conflict with the language of the section. A counter-claim does not deny the cause of action, or plaintiff's right to recover thereon. A defense denies the right of recovery, and shows that plaintiffs never had a cause of action, or that it has been discharged, as by payment. A counter-claim is not a defense. Counsel's construction of the statute does violence to the language of the provision, and defeats its application to a subject expressly specified therein. We think the circuit court rightly overruled the demurrer.

AFFIRMED.