## WING V. PAGE.

1. **Assignment of Open Account:** SUBSEQUENT PAYMENT, AFTER NOTICE, TO ASSIGNOR: DEFENSE OF PAYMENT. Where one had an open account against defendant, which he assigned to plaintiff, of which assignment plaintiff gave defendant notice, whereupon defendant wrote to plaintiff that he was ready to settle, but afterwards, and before suit brought by plaintiff, defendant settled with and paid plaintiff's assignor, *held* that such settlement and payment were a defense to plaintiff's suit, under § § 2086 and 2087 of the Code, and that under the statute the question of notice was not material. *Zugg v. Turner*, 8 Iowa, 223, and *Reynolds v. Martin*, 51 Id., 324, followed.

*Appeal from Linn District Court.*

FRIDAY, OCTOBER 19.

ACTION to recover upon an account against defendant for certain work and labor done for defendant by one Farnsworth, the assignor of plaintiff. There was a trial by the court, and judgment for the plaintiff. Defendant appeals.

*J. C. Davis*, for appellant.

No appearance for appellee.

ROTHROCK, J.—The evidence shows that on the ninth of June, 1879, the plaintiff took a written assignment of the account from Farnsworth. On the next day he mailed a written notice of the assignment to the defendant, in which he stated to the defendant that no payment should be made to any one without plaintiff's order. Defendant, by reply which was received by plaintiff on June 17, acknowledged receipt of the notice, and stated that he was ready to settle with plaintiff. Afterwards, about June 20, the plaintiff received a letter from the defendant, stating that there was a balance of $25 due on the account. The defendant pleaded settlement and payment in full of the account, and introduced a receipt for $15, signed by Farnsworth, dated June 24, 1879, which acknowledged payment in full of all demands.

Section 2086 of the Code is as follows: "When by the terms of an instrument its assignment is prohibited, an assignment of it shall nevertheless be valid, but the maker may avail himself of any defense or counter-claim against the assignee, which he may have against the assignor thereof before suit brought."

Section 2087 provides that an assignee of an open account has a right of action in his own name, "but subject to the same defenses and counter-claims as the instruments mentioned in the preceding sections."

We think the payment to Farnsworth before the suit was brought was a good defense, and that the court should have so found. To hold otherwise would require us to ignore the plain provisions of these sections of the statute. It is not a question of notice to the debtor that the account had been assigned to the plaintiff. The question is, did the debtor have any defense to the account, against the assignor, when the suit was brought? He most assuredly had a defense at that time, unless we hold that payment is not a defense, and this no one will claim. But for the statute, an open account is not assignable, and it is wholly immaterial whether a debtor has a defense against the assignor when he receives notice of the assignment, or whether such defense arises afterwards, for the simple reason that the statute creates no right by reason of notice. The point of time fixed by the statute is the commencement of the suit. If at that time he has a defense against the assignor, he may interpose it against the assignee.

This question has already been twice determined by this court. *Zugg v. Turner*, 8 Iowa, 223; *Reynolds v. Martin*, 51 Id., 324.

REVERSED.

### ON REHEARING.

SEEVERS, J.—Counsel for the appellee insist that the account sued on is not an "open account," and, therefore, not

governed by Code, § § 2086 and 2087, but that it is an account stated, and, therefore, governed by § 2546 of the Code.

The abstracts shows that Farnsworth assigned all his "right and title to my account for grubbing" to the plaintiff. In the notice to the defendant, plaintiff said: "Farnsworth has sold and assigned to me his account for grubbing." Afterward the plaintiff wrote to defendant to ascertain the amount due.

If such amount had been admitted and had become an account stated, this inquiry would have been unnecessary. We think the account, when assigned, was an open account, and, therefore, governed by Code, § § 2086 and 2087. The notice of the assignment had no effect on the rights of the parties. The former opinion is adhered to.