Reel v. Wilson et al.

64  13
99  113
99  615

1. **Mortgage-Foreclosure Sale:** REDEMPTION IN EQUITY BY HOLDER OF JUNIOR-MORTGAGE NOTE NOT MADE A PARTY. Plaintiff was the holder by assignment of a junior note and mortgage, but no assignment of the mortgage was recorded, and the holder of the senior mortgage, without notice that the junior mortgagee had transferred his interest in the note to plaintiff, foreclosed his mortgage, making the junior mortgagee, but not the plaintiff, a party, and thereunder the mortgaged property was sold. Afterwards, and at the same term of court, the plaintiff procured a decree of foreclosure of the junior mortgage, to which the holder of the senior mortgage was not made a party, but under the last foreclosure there was no sale:—*Held* that, after the expiration of the time allowed plaintiff by statute to redeem, he could not maintain an action in equity to redeem from the holder of the property under the sale, on the ground that he was not a party to the decree under which the sale was made. The holder of the senior mortgage was not bound, in the absence of notice of an assignment by the junior mortgagee, to look beyond the records in determining who should be made parties to his action.

*Appeal from Harrison District Court.*

FRIDAY, JUNE 6.

THIS is an action in equity, by which it is sought to redeem certain land from a sale upon the foreclosure of a mortgage. There was a demurrer to the petition, which was overruled, and the defendant, T. B. Parker, appeals.

*J. W. Barnhart, S. H. Cochran* and *Sims & Cadwell*, for appellant.

*A. W. Clyde* and *Smith & Smith*, for appellee.

ROTHROCK, CH. J.—It appears from the averments of the petition that on the first day of December, 1875, one Frum was the owner of the land in controversy, and on that day he executed a mortgage thereon to Mary L. Benedict to secure a loan of $800. On the 3d day of January, 1876, Frum executed another mortgage upon the land to Wm. N.

Perry, to secure the payment of three promissory notes of said Frum to Perry, given as purchase-money for the premises, and due in one, two and three years respectively. The mortgages were recorded, and the one given to Benedict was prior and superior to that of Perry.

In the year 1877, Perry transferred the first note secured by his mortgage to the plaintiff herein, by his indorsement on the back thereof, and at the same time he delivered his mortgage to the plaintiff. There was no written assignment of the mortgage. On the 5th day of November, 1878, Mary L. Benedict commenced her action in the district court of Harrison county to foreclose her said mortgage, and she made said Frum and his wife as makers, and said Perry as the holder of the other mortgage, parties defendant to her petition. On the 7th day of January, 1879, a decree was entered in said action, foreclosing the mortgage against the makers thereof, and against Perry as the holder of the junior mortgage. The land was sold under this decree on the 6th day February, 1879, to said Benedict, and a sheriff's certificate issued to her, which she afterwards assigned to the defendant, Parker, to whom a sheriff's deed was executed on the 7th day of February, 1880, in pursuance of the sheriff's sale. Afterwards, and in January, 1881, Parker sold and conveyed the land to the defendant, Wilson, and took a mortgage back from Wilson for purchase money.

On December 20th, 1878, the plaintiff commenced his action in the same court to foreclose the Perry mortgage for the amount due on the first note, which had been transferred to him, and he made Frum, the mortgagor, and Perry, the mortgagee, parties defendant, and he demanded a judgment against Frum as maker of the note, and against Perry as indorser, and a foreclosure of the mortgage given to secure the same; and on January 8th, 1879, a decree of foreclosure was entered in said action as prayed in the petition. No special execution has been issued upon this decree, and Wm. N. Perry is insolvent, and no part of plaintiff's judgment can be collected

from him or his property. A decree is demanded authorizing the plaintiff to redeem the land from the sale on the Benedict mortgage. The demurrer is to the effect that the plaintiff, under the facts stated in the petition, has no right to redeem after the expiration of the statutory period of one year from the day of sale.

It will be observed from the foregoing statement of facts that Benedict commenced her action of foreclosure November 5, 1878, and the plaintiff commenced his foreclosure in the same court on the 20th day of December of the same year. At the time Benedict commenced her action, so far as appeared from the real estate record, Perry was the holder of the notes secured by the mortgage made to him, and it is not averred in the petition that Benedict, at the commencement of her action or afterward, had actual notice that Perry had transferred one of his mortgage notes to Reel. Under this state of facts, we think that the decree in Benedict's foreclosure left plaintiff no right of redemption, except such as was conferred upon him by statute. To hold otherwise would have required Benedict to go beyond the records, and out into the world, in search of the owners of the notes secured by the Perry mortgage, and, after having found them, make them parties defendant. Such a holding would not comport with the object and purpose of the statute providing for the record of instruments affecting real estate. If Reel had caused an assignment of the mortgage to be made of record, it would have been notice to the world of his rights, and, because of this provision of the law, Benedict was not required to search beyond the record for encumbrances.

And the fact that the Perry mortgage was made to him and his *assignees*, and that Reel afterwards commenced his action, can, we think, make no difference in the rights of the parties. Benedict's action was commenced before the action of Reel, and if there is anything in the argument that Benedict should be charged with notice of Reel's action, there is more in the thought that Reel should be charged with the notice of an ac-

tion pending at the time he commenced his foreclosure. The foregoing views are supported by the cases of *Bank v. Anderson*, 14 Iowa, 544–556; *Walker v. Schreiber*, 47 Id., 529 and *Hensley v. Whiffin*, 54 Id., 555. The last named case determines the very question now under consideration.

The case of *Martindale v. Burch*, 57 Iowa, 291, is not in conflict with the rule above announced. In that case the defendant purchased certain property upon which there was a chattel mortgage to one King. At the time of the purchase it was known that King had assigned certain of the notes. There was no assignment of the mortgage of record, and after the purchase a release of the mortgage was procured from King, in which it was stated that he (King) had no interest in the notes secured by the mortgage, having transferred them to other parties. The purchaser in that case made his purchase with an unsatisfied mortgage upon the property, and of course was bound to inquire and ascertain at his peril whether or not it had been paid. We think the demurrer to the petition in this case should have been sustained.

REVERSED.