F. M. TUTTLE, Appellant, v. J. L. BISBEE.

**Setoff:** LEGAL OR EQUITABLE: DETERMINATION. Where the plaintiff in a suit on a promissory note, submitted to the court by agreement, asked the equitable relief that items of defendant's counterclaim for services be credited on the note as of their dates, the right to which is denied in the reply, the court is authorized to determine whether such credits shall be allowed as an equitable setoff.

**Setoff and counterclaim:** MUTUAL DEBTS: COMPENSATION. Mutual debts were not extinguishable by the common law, but by the civil law relief is granted by the reciprocal acquittal of debts between two persons indebted to each other; the compensation being the extinction of debts by which two persons are reciprocally debtors and creditors of each other.

**Same:** EQUITABLE JURISDICTION. While it is ordinarily true that equity follows the statutes in the matter of allowing a setoff or counterclaim in a law action; that a mere account or claim is not ground for equitable relief; and that equity will not intervene except where justice can not be administered according to the strict rules of law; still, independent of the statute and under its jurisdiction equity will grant relief where there is a mutual credit between the parties, based on the existence of some debt due from the crediting party to the other party.

**Same.** In the instant case defendant gave plaintiff his note payable on demand with interest and providing for interest on past due interest. During a period extending from a time prior to the execution of the note to about seven years thereafter defendant rendered services for plaintiff at various times but nothing was credited on the note. *Held,* that items for services rendered should be credited on the note as of the date rendered. Deemer, J. dissenting.

*Appeal from Clay District Court.*—HON. A. D. BAILIE, Judge.

SATURDAY APRIL 10, 1909.

REHEARING DENIED THURSDAY, SEPTEMBER 30, 1909.

ACTION on a promissory note to which defendant pleaded a counterclaim and recovered judgment thereon.— *Affirmed.*

*Buck & Kirkpatrick,* for appellant.

*W. E. Barnhart* and *Geo. A. Heald,* for appellee.

LADD, J.—The defendant gave his promissory note to the plaintiff February 1, 1898, for $291.15. It was payable on demand and bore interest at the rate of eight percent per annum, payable annually, and provided that "should any of the interest not be paid when due it shall bear interest at the rate of eight percent per annum." The action was begun August 9, 1907, up to which time nothing had been credited on the note. The "answer and counterclaim" averred that the note had been fully paid, that defendant had rendered services for plaintiff as set out in an itemized account extending from December 20, 1897, to October 30, 1906, of the reasonable value of the several items, and prayed for judgment thereon, and that "the account be ascertained that is due this defendant over and above the amount of the note sued on, and that the charges as they appear in defendant's bill of particulars be deducted from the note as held by the plaintiff as of the date of the items, and for all other legal and equitable relief in the premises, and that an accounting be had between plaintiff and defendant." By way of reply, plaintiff admitted the correctness of the account, but asserted that, as the account was continuous and open, defendant was entitled to interest thereon from six months after the last item only and then at 6 percent per annum, that he was not entitled to have the items applied as payments on the note until the filing of the an-

swer and counterclaim, and is "not entitled to equitable relief." A jury was waived, and the cause submitted on the pleadings, save that the note was introduced in evidence. The court applied the total of items of each year as a credit on the note on the last day of said year and found there to be due the defendant the sum of $18.26, for which judgment was entered.

It will be observed that no issue of fact is presented by the pleadings, and that the action was rightly begun on the law side of the calendar. Section 3428 of the Code. No error as to the kind of proceedings adopted then appears to have been made, so that the cause might not have been transferred to the equity side of the docket, even though motion that this be done had been filed. *Johnston v. Robuck,* 104 Iowa, 523. But in such a case "either party shall have the right, by motion, to have any issue heretofore exclusively cognizable in equity tried in the manner hereinafter prescribed in cases of equitable proceedings." Section 3435 of the Code. No motion to have the issue heard as in equity was presented, but the answer definitely prayed for equitable relief, in that the items of the account be applied on the note as of their dates, and the right thereto was specifically challenged by the reply. As the issue was thus made, we are of the opinion, in view of the fact that the cause was submitted on the pleadings, that the question was presented to the court whether credit should be applied as an equitable setoff.

1. SETOFF: legal or equitable: determination.

II. The account began in December, 1897, and amounted to but $19.25 prior to the execution of the note, February 1, 1908. This note was matured during the remaining eight years and more of the account. During this period payment for the services as rendered at each of the eighty-five different times became due and owing the defendant when performed, and the note was payable at each of these

2. SETOFF AND COUNTERCLAIM: mutual debts: compensation.

several dates until satisfied. It is unreasonable to suppose that the one or the other of the parties would have allowed so long a period to elapse but for the implied understanding that the noninterest-bearing items of account were to be credited on the note. Mutual debts were inextinguishable at the common law, but by the civil law under the doctrine of compensation relief was granted by "the reciprocal acquittal of debts between two persons who are indebted the one to the other." "Compensation is the extinction of debts of which two persons are reciprocally debtors to one another, by the credits by which they are reciprocally creditors to one another." 2 Story, Equity Jurisprudence, section 1437. In the work cited the author notes "that, independently of the statutes of setoff, courts of equity, in virtue of their general jurisdiction, are accustomed to grant relief in all cases where although there are mutual and independent debts, yet there is a mutual credit between the parties founded, at the time, upon the existence of some debts due by the crediting party to the other. By mutual credits, in the sense in which the terms are here used, we are to understand a knowledge on both sides of an existing debt due to one party and a credit by the other, founded on and trusting to such debt as a means of discharging it." Story's Equity Jurisprudence, section 235. In *Trent v. Tenn.*, 3 Doug. 257, Mr. Justice Buller observed that "wherever there is a trust between two men on each side, that makes a mutual credit," and Mr. Justice Dallas declared in *Key v. Flint*, 8 Taunt, 21, that " 'mutual credit' meant something different from mutual debts. Mutual credit must mean mutual trust." The cases are reviewed in *Greene v. Darling*, 5 Mason, 207 (213 Fed. Cas. No. 5,765), summing up thus:

"The conclusion which seems deducible from the general current of the English decisions (although most of them have arisen in bankruptcy) is that courts of equity will set off distinct debts, where there has been a mutual

credit, upon the principles of natural justice, to avoid cir-
cuity of suits, following the doctrine of compensation of
the civil law to a limited extent. That law went further
than ours, deeming each debt *sub jure,* set off, or extin-
guished *pro tanto;* whereas, our law gives the party an
election to set off, if he chooses to exercise it; but if he
does not, the debt is left in full force, to be recovered in an
adversary suit. Since the statutes of setoff of mutual debts
and credits, courts of equity have generally followed the
course adopted in the construction of the statutes by courts
of law, and have applied the doctrine to equitable debts.
They have rarely, if ever, broken in upon the decisions at
law, unless some other equity intervened, which justified
them in granting relief beyond the rules of law, such
as has been already alluded to; and, on the other hand,
courts of law sometimes set off equitable against legal
debts, as in *Bottomley v. Brooke* (cited 1 T. R. 619).
The American courts have generally adopted the same
principles, as far as the statutes of setoff of the respective
States have enabled them to act."

Since the enactment of statutes allowing a setoff or
counterclaim to be pleaded in actions at law, the courts of
equity have usually followed the law, save when peculiar
3. SAME: equities intervene. 2 Story, Equity, section
equitable
jurisdiction. 1437. Such cases are too various for citation.
Ordinarily a mere claim or account will not furnish ground
for relief. As said by Judge Story, in section 1435 of the
work-cited: "Independently of the statutes of setoff, courts
of equity, in virtue of their general jurisdiction, are accus-
tomed to grant relief in all cases where, although there are
mutual and independent debts, yet there is a mutual credit
between the parties, founded at the time upon the existence
of some debt due by the crediting party to the other. By
'mutual credit,' in the sense in which the terms are here
used, we are to understand a knowledge on both sides of
an existing debt due, to one party, and a credit by the

other party, founded and trusting to such debt as a means of discharging."

This well describes the situation of the parties in the case before us. No other inference is reasonably to be drawn from the facts disclosed than they were trusting to the services rendered by defendant, concerning which there was no controversy, to satisfy plaintiff's demand. The precise question was before the Supreme Court of Georgia in *Merriwether v. Bird,* 9 Ga. 594. An action was brought by an administrator on a note. One of the makers set up an account for legal services rendered plaintiff's decedent after the maturity of the note, and the court, after recognizing the plea of setoff as good in bar, referred to the doctrine of setoff under the civil law, and speaking through Lumpkin, J., proceeded: "The rule of that Code has been correctly cited by the learned counsel, from Pothier, namely: If you have a debt due from me, which carries interest, and afterwards become my debtor of a sum which from its nature does not carry interest, my debt will be held to be discharged to the extent of the mutual credit, from the time of such credit taking place, and interest would only be due for the balance, from that time—and the author puts the following illustration: If you are my creditor of a sum of £1,000 for the price of an estate which you have sold and conveyed to me, and afterwards you become sole heir to Peton, and in that quality my debtor for £800, the amount of a loan from me to Peton; from the death of Peton, your demand of £1,000 is to be regarded as acquitted to the amount of £800, and subsisting only for the remaining £200, and from the death of Peton the interest will only continue to run upon the remaining £200. Is there anything in our law of set-off which excludes this construction? I know of nothing, and it is so manifestly right that it commends itself to the conscience of every man. Interest is only given by way of damages for the detention of a

4. SAME.

debt. . . . But there is another principle which would
seem to entitle the defendants to the relief which they seek,
and that is, in cases of mutual credit, where there is knowl-
edge on both sides of an existing debt due to one party and
a credit by the other party, founded on and trusting to
such debt, as a means of payment, that the law will so
apply it."

Equity will intervene to effect a setoff only when
under the strict rules of the law justice can not be effect-
uated, and we are of opinion that the record presents such
a case. Decisions to the contrary may be found, but in
all to which our attention has been directed the defenses
or counterclaims were at law, and equitable relief was not
prayed. The rule adopted will effectuate justice, and is
supported by authority.—*Affirmed.*

DEEMER, J. (dissenting).—In order to reach a proper
conclusion in this case, it seems to me that the issues as
presented by the pleadings should be carefully considered.
The action is upon an ordinary promissory note given by
defendant to plaintiff on February 1, 1898, due on de-
mand. The defendant in answer admitted the note, but
denied any indebtedness thereon, and asserted that the
note had been fully paid and satisfied. The second division
of his answer, which contained the prayer, read in this
wise: "Further answering plaintiff's petition, and by way
of counterclaim, the defendant states: That he did work
and labor for the plaintiff at plaintiff's special instance and
request; that a correct account of such work and labor was
always kept by this defendant, a copy of which account for
work and labor is hereto attached, made a part thereof and
marked 'Exhibit A'; that said account is still the property
of this defendant; that no part of the same has ever been
paid; that the charges made for the items of work done
and material furnished as evidenced by said bill of par-
ticulars are reasonable; and that said work and labor per-

formed and materials furnished to said plaintiff by this defendant were and are worth the amounts charged therefor in said Exhibit A. Wherefore defendant asks that he have judgment on his counterclaim against said plaintiff, and that the amount be ascertained that is due this defendant over and above the amount of the note sued on, and that the charges as they appear in defendant's bill of particulars be deducted from the note as held by the plaintiff, as of the date of the items, and for all other legal and equitable relief in the premises, and that an accounting be had between plaintiff and defendant." Attached to this answer was an ordinary statement of running account, commencing with the year 1897, and running down to the year 1906. This account was never balanced at any time, and the only divisions made in it were signified, if at all, by years. The account was never closed, nor were footings made at the end of each year, or at any other time. Plaintiff, in reply to this answer, admitted that the account was correct, and the defendant was entitled to have the same credited on his note as of the date of the filing of the reply. The reply continued in this wise: "That the said account is a continuous open account, and the defendant is not entitled to interest thereon only for six months after the date of the last item thereof, at 6 percent interest. That the defendant is not entitled to an accounting as such and is not entitled to equitable relief herein. Wherefore the plaintiff prays judgment as in his original petition herein on file." On these issues a jury was waived, and the case was tried to the court as a law action; the only evidence adduced being the introduction of plaintiff's note in evidence.

As the record recites that the jury was waived and the trial was had to the court as a law action, we should, in my opinion, so consider it here. This is the entire record in the case; no testimony of any kind being received, and no documentary evidence being adduced save in introduction of the note in suit. I do not believe that these

issues tendered any equitable issue in the case. It does not involve a mutual accounting, but is purely an action at law. See *Citizens' Bank v. Whinery,* 110 Iowa, 390; *McMartin v. Bingham,* 27 Iowa, 234. These cases squarely hold that this is purely a law action. I do not see anything in the case which indicates any relation of trust or confidence, or any inadequacy in legal remedy, or any threat of multiplicity of suits, which would justify a court of equity in taking jurisdiction of the proceedings. It will be noticed that defendant does not ask any interest upon the items of his counterclaim. He does, it is true, ask that these items be credited as of the date thereof upon the note in suit. It is manifest from what has been said that there has been no "payment" of the note in suit, as that term is ordinarily used. There is nothing to indicate that defendant ever presented his account to the plaintiff, or that these items of account were intended to be applied upon the note in suit, so that the note has not been "paid," as that term is ordinarily used, and upon plea of payment alone the defendant would have been defeated. If the note is extinguished, it must be by reason of defendant's counterclaim, and, if this be treated simply as a counterclaim, it is manifest that no interest can be allowed thereon, first, because no interest is asked, and, next, because it is pleaded as a counterclaim and not as a setoff. A counterclaim is not a defense because it does not deny the cause of action or plaintiff's right to recover thereon. *Haywood v. Seeber,* 61 Iowa, 574. If, then, we are to treat defendant's pleading as a counterclaim, the statute expressly says that money due upon open accounts draws interest only after six months from the date of the last item. See Code, section 3038, paragraph 6. No connection having been shown between the making of the note and the running of the account, it seems to me that the only thing which can be done, under the issues as they are here presented, is to allow defendant his counterclaim, with inter-

est, under the statute, which should be deducted from the amount due on plaintiff's note.

Our statute as it now stands does not expressly recognize what was at one time known as a "setoff." In *Crookshank v. Mallory,* 2 G. Greene, 257, it is said: "A setoff must be predicated upon an independent demand which a defendant has against the plaintiff." And quoting from Chitty on Contracts, page 656, it is said: "A setoff means a cross-claim for which an action might be maintained by the defendant against the plaintiff, and is very different from a mere right to a reduction of his demand, or claim to defeat it, on account of some matter connected therewith." Even if we were to treat this as an equitable suit, there is. lacking a showing which would justify the making of the credits, as defendant prays, for the reason that there is no showing of such mutual credits as to bring the case within the equitable principle announced in the majority opinion. In 2 Story's Equity it is said that "by 'mutual credit' we are to understand a knowledge on both sides of an existing debt due to one party founded on and trusting such debt as a means of discharging it." In *Zugg v. Turner,* 8 Iowa, 223, it is said: "The mere existence of distinct debts, without mutual credit, will not give a right of setoff in equity." In *Davis v. Milburn,* 3 Iowa, 165, it is said: "The known rule of courts of equity is that they follow the law in regard to matters of setoff, unless there is some intervening equity going beyond the statute of setoff which constitutes the basis of setoff at law. Such natural equity arises where there are mutual credits between the parties, or where there is an existing debt on one side which constitutes the ground of a credit on the other, or where there is an express or implied understanding that the mutual debts shall be a satisfaction or setoff, *pro tanto,* between the parties. *Howe v. Shepperd,* 2 Sumn. 412, Fed. Cas. No. 6,773. It is said by Judge Story (2 Story, Equity Jurisprudence, par. 1435) that by 'mutual

credit,' in the sense in which the term is here used, we are to understand a knowledge on both sides of an existing debt due to one party, founded on and trusting such debt as a means of discharging it. The mere existence of distinct debts, without mutual credit, will not give a right of setoff in equity."

Finding then, as I think we must, that the case is not properly in equity, it seems to me that defendant is entitled to nothing more than the statutory interest, upon his counterclaim, for there is no showing that defendant sold his goods, or gave his services, trusting thereby to discharge the plaintiff's note. Indeed, the testimony shows that defendant sold plaintiff nearly $20 worth of his goods before he made his note to the plaintiff. Defendant's account is, as we have seen, an open one, and never became an account stated at any time. There is no showing that he ever called upon plaintiff for the purpose of having any credits made upon the note, or that he relied upon plaintiff's making any such credits. Upon facts quite similar to those in the case at bar, the Supreme Court of South Carolina, in *Morse v. Ellerbe,* 4 Rich. Law, 600, held that the items of open account should not be applied so as to stop interest upon notes given by the party furnishing the goods. See, also, *Rogers v. Russel,* 1 Nott & McC. (S. C.) 24. In *Stephens v. Burgess,* 69 Mo. 168, defendant interposed a counterclaim as against a note, but the court held the plaintiff was entitled to interest on the full amount of the note down to the day of trial; the items of counterclaim being credited as of that date. In *Tucker v. Jewett,* 32 Conn. 563, the Supreme Court of Connecticut held that the interest on an interest-bearing claim should be computed down to the time the action was brought, and the defendant's claim upon open account not drawing interest should be credited as of that day. See, also, *Henry v. Butler,* 32 Conn. 140. In *McFarland v. McCormick,* 114 Iowa, 368, we held, quoting from the syllabus, that

"charges of interest on balance of account, between partners or joint debtors, are not allowable in the case of a continuous open account without any settlement or balance being ascertained." *Meriwether v. Bird,* 9 Ga. 594, relied upon by the majority, is based upon the thought that a counterclaim or setoff under the laws of that State was a pleading in bar. Our statute clearly negatives any such construction, in that it has been expressly held that a setoff is not an answer to plaintiff's claim, and that a counterclaim is not a defense. See *Haywood v. Seeber, supra,* and *Freeman v. Fleming,* 5 Iowa, 460.

If the majority are right in their reasoning, the separate items of account should be credited as of the dates when the work was done or material furnished. The trial court applied the totals of items of each year as credits on the note as of the last day of each year. The opinion approves of this accounting which, to my mind, is improper, even under the view taken by the majority. That it was not the intent or purpose of the parties that the items should be credited in the manner approved by the majority is clear to my mind from a consideration of the account itself, which was not closed or even balanced at the end of each year, or at any other time; and that it was not the intent of the parties that the items of defendant's account should be credited as of the date rendered or supplied is indicated by the fact that many of them were small, amounting to but ten or fifteen or twenty cents. There are approximately one hundred and eighty items of this account. Defendant at no time presented his claim or any part thereof to the plaintiff that it might be credited upon the note. When the note was given, no part of defendant's account, which then amounted to more than $20, was taken into consideration. It seems to me that the defendant elected to treat his account purely as a counterclaim, and not as a bar to plaintiff's action, even could he have pleaded this account in bar.

I think the judgment should be reversed.