CHARLES SOLTOW, Appellant, v. FRANK ROTH et al., Appellees.

MECHANICS' LIENS: Priority—Sale on Foreclosure—Effect. A purchaser of land at mechanic's lien foreclosure sale (there being no redemption) acquires the entire title of the then owner of the property, and such right is necessarily transmitted to the purchaser's grantee and to all others claiming title from such source. It follows that a mechanic's lien claimant has no standing who delays the filing of his lien against the same owner until *after* said sale, even though he files it before the issuance of the sheriff's deed.

Headnote 1:   40 C. J. p. 508.

*Appeal from Lyon District Court.*—C. C. BRADLEY, Judge.

OCTOBER 25, 1927.

Suit in equity to foreclose a mechanic's lien. The only defendants in interest are Bertha A. Bowers and the First Na-

tional Bank, and these alone are defending. The district court dismissed the petition, and the plaintiff has appealed.—*Affirmed.*

*Warren H. White,* for appellant.

*Thomas & Meyers,* for appellees.

EVANS, C. J.—The law of the case is settled by its chronology. On September 4, 1924, the plaintiff filed a mechanic's lien against the property described in the petition, and against Frank Roth, its then owner. The claim of lien purported to be for labor and material furnished upon such property between the dates of February 15, 1922, and November 23, 1923. Prior to this time, and on December 8, 1921, Joyce Lumber Company had filed a mechanic's lien against the same property and its same owner for labor and material furnished between July 1, 1921, and November 22, 1921. October 5, 1923, Joyce Lumber Company brought an action to foreclose its mechanic's lien, and obtained a decree in such action on October 31, 1923. Special execution was issued under such decree, and the property was sold thereunder on February 8, 1924. On February 8, 1925, a sheriff's deed issued to the holder of the certificate, First National Bank. It conveyed the property by warranty deed to Follett; and Follett, by warranty deed, to Buscher; and Buscher, by warranty deed, to Bertha A. Bowers, defendant herein. Her deed was dated February 13, 1925. In September, 1925, she executed a mortgage on the property to Shade, who sold such mortgage to the First National Bank, defendant herein.

The contention of plaintiff-appellant is that, because his mechanic's lien was on file prior to the acquisition of title by the defendant Bertha A. Bowers, and prior to the execution of the mortgage held by the First National Bank, it operated as constructive notice to each of said defendants, and is accordingly entitled to priority over their rights. The proposition thus put forth is not tenable. The date of the defendant's deed is not determinative of her right of priority. The right of the defendant Bowers relates back to the source of her title. Her right of priority is to be determined by the right of priority of the Joyce Lumber Company. If the latter had taken title under its sheriff's sale, and had continued to hold the same under its

sheriff's deed, it would hardly be claimed that it had thus lost its priority over the plaintiff's lien. The holder of the certificate of sale, who took the sheriff's deed, held its title by precisely the same right as the Joyce Lumber Company would have done. Such right inured to the benefit of every successive grantee under warranty deed, and this would be so whether such grantees took their title before or after the filing of plaintiff's purported lien. It was enough that plaintiff claimed against Roth, as the owner of the property, whose title had been wholly extinguished in the enforcement of the lien, which was clearly prior to that of plaintiff. See *Kellogg v. Illinois Cent. R. Co.*, 204 Iowa 368, and the authorities cited in the supplemental opinion thereto. See, also, *Scribner, Burroughs & Co. v. Vandercook*, 54 Iowa 580; *Van Gorder v. Lundy*, 66 Iowa 448; *Jack v. Cold*, 114 Iowa 349.

The district court properly dismissed the petition, and its judgment is affirmed.—*Affirmed.*

STEVENS, FAVILLE, KINDIG, and WAGNER, JJ., concur.