H. R. COCHRAN, Appellee, v. HAZEL ORY et al., Defendants; EARLHAM LUMBER COMPANY, Defendant, Appellant.

No. 43399.

NOVEMBER 17, 1936.

Percival & Wilkinson, for appellee.

W. T. Guiher, and Daniel J. Gallery, for appellant.

MITCHELL, J.—█ █ █ Thomas Cochran was the owner of the real estate in controversy until the time that sheriff's deed was issued to Leo C. Percival, Phil R. Wilkinson and G. C. Murray, which occurred early in August of 1933. This land was located in Madison County, Iowa, about one and a half miles from the town of Earlham. Between April 18, 1928, and August 1, 1931, Thomas Cochran made improvements on the real estate, consisting of building a garage, barn and chicken house, and making repairs to other buildings. The materials for these improvements were furnished by the lumber yard at Earlham, which was conducted under the name of Midwest Lumber Company until June 2, 1930, when that corporation sold the yard to the Earlham Lumber Company, which also purchased all of the accounts, among which was the one against Thomas Cochran for $1,661. On April 10, 1931, Thomas Cochran gave a mortgage to Leo C. Percival, Phil R. Wilkinson and George Murray for the amount of $5,000, which was for attorneys' fees in connection with matters in which the mortgagees represented him as attorneys. On November 6, 1931, foreclosure of said mortgage was commenced and decree of foreclosure was entered on December 17, 1931. On June 19, 1932, special execution issued under this foreclosure and on July 30, 1932, sheriff's sale of the premises was held and the property was bid in by the judgment creditors. On July 14, 1932, the Earlham Lumber Company filed a me-

chanic's lien for all items of materials furnished to Thomas Cochran which had not been paid. On January 13, 1933, the Earlham Lumber Company filed its petition for the foreclosure of its mechanic's lien and on December 20, 1934, an entry was made for decree as per entry signed. It does not appear, however, that any decree was ever filed. The year of redemption under the foreclosure of the mortgage expired on July 30, 1933, and a sheriff's deed was issued, conveying the said real estate to Leo C. Percival, Phil R. Wilkinson and G. C. Murray. Shortly thereafter H. R. Cochran purchased the land and secured title from the parties who had received the sheriff's deed. In January of 1935 H. R. Cochran commenced this action to quiet title, making the Earlham Lumber Company one of the defendants. The lower court entered an order, quieting title as prayed. From this decree the Earlham Lumber Company, being dissatisfied, has appealed to this court.

The Earlham Lumber Company contends that the title could not be quieted in H. R. Cochran without satisfying its mechanic's lien, and also asked to be allowed to redeem by paying the amount of the mortgage on the land that had been foreclosed, together with interest and taxes advanced and all other costs and expenditures.

There is a serious question raised by appellee as to whether the appellant has properly established the various items comprising the mechanic's lien. However, it is not necessary for us to consider that question.

The Percival-Wilkinson-Murray mortgage was executed on April 10, 1931, and on November 6, 1931, a petition for foreclosure was commenced. At that time the Earlham Lumber Company had not filed its mechanic's lien and there is no evidence in this record that shows that the mortgagees had any notice whatever of any claimed lien against the said real estate. The decree in the foreclosure action was entered on December 17, 1931, and still there was no mechanic's lien on file and no evidence of any notice of a claimed lien. It was not until July 13, 1932, that the Earlham Lumber Company filed its mechanic's lien. As the mortgagees had no notice or knowledge that the Earlham Lumber Company claimed any lien against the real estate, necessarily it was not made a party to the foreclosure proceeding. The sheriff's sale under the foreclosure proceedings was held on July 30, 1932, and after the period of redemption

had expired the sheriff executed a deed to the property. The property was then purchased by H. R. Cochran, appellee, from 'the holders of the sheriff's deed, and this record does not show that H. R. Cochran had any notice of any claim of the Earlham Lumber Company against this real estate. He did not live in Madison County, residing at Sheldon.

In the case of Soltow v. Roth, 204 Iowa 665, at page 666, 215 N. W. 705, the late Justice Evans, speaking for this court, said:

"The date of the defendant's deed is not determinative of her right of priority. The right of the defendant Bowers relates back to the source of her title. Her right of priority is to be determined by the right of priority of the Joyce Lumber Company. If the latter had taken title under its sheriff's sale, and had continued to hold the same under sheriff's deed, it would hardly be claimed that it had thus lost its priority over the plaintiff's lien. The holder of the certificate of sale, who took the sheriff's deed, held its title by precisely the same right as the Joyce Lumber Company would have done. Such right inured to the benefit of every successive grantee under warranty deed, and this would be so whether such grantees took their title before or after the filing of plaintiff's purported lien. It was enough that plaintiff claimed against Roth, as the owner of the property, whose title had been wholly extinguished in the enforcement of the lien, which was clearly prior to that of plaintiff. See Kellogg v. Illinois Central R. Co., 204 Iowa 368, 213 N. W. 253, 215 N. W. 258, and the authorities cited in the supplemental opinion thereto. See, also, Scribner, Burroughs & Co. v. Vandercook, 54 Iowa 580, 4 N. W. 925, 6 N. W. 896; Van Gorder v. Lundy, 66 Iowa 448, 451, 23 N. W. 918; Jack v. Cold, 114 Iowa 349, 86 N. W. 374."

Thus, in the case at bar the appellee had title from the parties who foreclosed their mortgage. There is no claim that the mortgage was not a legitimate one. Percival-Wilkinson and Murray had no notice of any kind as to an alleged claim of the Lumber Company. There was no mechanic's lien on file at the time that the mortgage was given. It was not on file at the time that the mortgage was foreclosed, and it was not on file at the time that the decree in the foreclosure action was entered. Cochran, the appellee and purchaser from the parties who foreclosed

the mortgage, had no notice of any kind of the claimed lien. His right dates back to the source of his title, and that was the mortgage, which was properly foreclosed. It was not necessary to make the Earlham Lumber Company a party to the foreclosure action, for its lien was not on record and the mortgagees had no notice of a claimed lien.

In the case of Reel v. Wilson, 64 Iowa 13, at page 15, 19 N. W. 814, 815, this court said: "It will be observed from the foregoing statement of facts that Benedict commenced her action of foreclosure November 5, 1878, and the plaintiff commenced his foreclosure in the same court on the twentieth of December of the same year. At the time Benedict commenced her action, so far as appeared from the real estate record, Perry was the holder of the notes secured by the mortgage made to him, and it is not averred in the petition that Benedict, at the commencement of her action or afterward, had actual notice that Perry had transferred one of his mortgage notes to Reel. Under this state of facts, we think that the decree in Benedict's foreclosure left plaintiff no right of redemption, except such as was conferred upon him by statute. To hold otherwise would have required Benedict to go beyond the records, and out into the world, in search of the owners of the notes secured by the Perry mortgage, and, after having found them, make them parties defendant. Such a holding would not comport with the object and purpose of the statute providing for the record of instruments affecting real estate. If Reel had caused an assignment of the mortgage to be made of record, it would have been notice to the world of his rights, and, because of this provision of the law, Benedict was not required to search beyond the record for encumbrances."

It is the claim of appellant that it should have been allowed to redeem by paying the amount of the mortgage on the land that had been foreclosed, together with the interest, taxes advanced and all other costs or expenditures. The appellant in this case, taking the record in its most favorable light, is simply the holder of a mechanic's lien, a mechanic's lien which has never been reduced to judgment.

Code section 11777, 1935 Code, is as follows:

"A mechanic's lien before judgment thereon is not of such

character as to entitle the holder to redeem [from foreclosure sale]."

It therefore follows, the mechanic's lien not having been reduced to judgment, the Earlham Lumber Company had no right to redeem. Judgment and decree of the lower court must be, and it is hereby, affirmed.—Affirmed.

Chief Justice and all Justices concur.