LAURA B. SMITH, ET AL., Appellees, v. GEORGE REDMOND, Appellant.

GEORGE REDMOND, Appellant, v. SIDNEY SMITH, ET AL, Appellees.

**Contract for exchange of land:** RESCISSION: FRAUD: EVIDENCE.
1 The evidence in an action to rescind a contract for an exchange of properties is reviewed and held sufficient to show that the same was procured by the false representations of one of the parties, who, while representing himself as an agent was in fact a beneficial owner.

**Rescission:** DECREE. Upon rescission of a contract for the exchange of lands the decree should place the parties in *statu quo*.

**Intervention.** A claim of title by a third party will not be tried on a petition of intervention in a suit to foreclose a mortgage.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

THURSDAY, JULY 12, 1906.

Rehearing denied, Thursday, April 11, 1907.

THE opinion states the case.—*Affirmed*.

*Jamison & Smith,* for appellant.

*Main & Griffiths,* for appellees.

WEAVER, J.—At the time of the transaction in controversy the appellees, Sidney Smith and his wife, Laura B.

Smith, were the owners of certain residence property in the city of Cedar Rapids, Iowa, which they valued at from $5,000 to $5,500, and the appellant was a real estate dealer of the same city. The latter having advertised a tract of land for sale or exchange, Smith made inquiry concerning it, and was informed by appellant that one M. S. Hayner had a sixty acre tract which he wished to sell or exchange for a residence in the city. At the time the sixty acres of land was incumbered by mortgage to the extent of $1,500, and the residence property was also incumbered to the extent of $500. After some negotiation an exchange was effected on terms by which the Smiths undertook to pay both mortgages and give additional boot money in the sum of $500. On coming to make the exchange of title papers it appeared that the title to the sixty acres was neither in the appellant nor in Hayner, whom he professed to represent; but one of them held an unrecorded deed thereof executed by one A. H. Knapp, a former owner of the land, in which deed the name of no grantee had been inserted, and the transfer to Smith was effected by writing his name as grantee in the conveyance made by Knapp, while at the request of appellant and the said M. S. Hayner the conveyance of Smith and his wife was made to blank grantee, which blank was afterwards filled out with the name of one R. C. Hayner, who had no apparent interest in the deal. Shortly thereafter said R. C. Hayner conveyed the Smith property to appellant for the expressed consideration of " one dollar and exchange of property." In closing up the exchange, and in order to remove the $500 mortgage on the residence property and to pay the agreed boot money of $500, appellant advanced or claimed to advance for Smith $1,000, for which amount Smith and wife gave him a second mortgage on the land to which they were taking title. A little later the Smith's instituted this action in equity, alleging that they had been induced to make conveyance of their said residence property by fraud and misrepresenta-

tions on part of appellant, and demanding a rescission of the exchange. To that end they tender a reconveyance of the sixty acres of land and ask that the title to their former homestead be restored and quieted in them against the claims of the appellant.

The appellant denies the allegations of fraud and misrepresentation, and insists upon the entire fairness and validity of the transaction. Pending this action, appellant brought suit to foreclose the mortgage for $1,000 to which reference is above made. The appellees resisted the foreclosure, setting up the same alleged fraud pleaded in the suit for rescission as hereinbefore shown. In the first case the district court found for the Smiths, decreeing a rescission of the exchange, and restoring to them the title to their Cedar Rapids property as prayed, subject, however, to a lien of $500 in favor of the appellant on account of the mortgage which appellant had paid off or caused to be released, which sum the appellees were required to pay within one year from the date of the decree. In the foreclosure action the court also found for the Smiths and dismissed the petition. Redmond appeals from the decision of the court in both cases, and the Smiths have also appealed from that provision of the decree which establishes the lien upon their homestead.

We shall not take the time to go minutely into the history of the transaction, but will say we are abidingly satisfied with the justice of the conclusion reached by the trial court. While appellant posed as a mere agent for Hayner, and as having no interest in the deal, save to earn an agent's commission, there is not room for reasonable doubt that he was the owner of the beneficial interest in the land, and that the Hayners were simply the instruments employed by him to obtain a better and more profitable bargain than could have been procured by an open, frank statement of the truth. It was he who made the trade by which Knapp disposed of the land.

1. CONTRACT FOR
EXCHANGE
OF LAND: re-
scission:
fraud:
evidence.

Though offered the property at $65 per acre, he had the consideration entered in the deed at $75 per acre, and later, in order to suitably impress Smith with the bargain he was offering, erased the figures and wrote in the consideration at $100 per acre. There is, of course, some dispute about the representations made, but there is an air of candor and truthfulness about the story told by the Smiths which is by no means apparent in the version given by the appellant and Hayner. We are satisfied that appellant represented to the Smiths that Hayner had paid $100 per acre for the land, and that an alleged lease of the land for $5 per acre, which was used to add attractiveness to the bait, was padded for trading purposes. It is shown to a reasonable certainty that the land was not worth to exceed about $4,000; but by the methods pursued to bring about the trade the Smiths were induced to believe they were getting property worth from $6,000 to $7,500. Some of the representations could well be passed as mere expressions of opinion, but with them were representations of fact on which the appellees could properly rely.

Moreover, it is quite clearly shown that at the time of this deal Mr. Smith was in a physical and mental condition, the particulars of which we need not here repeat, which, if not amounting to actual incompetence for a business transaction of this nature, did render him peculiarly liable to be overreached by a person disposed to take advantage of it. A further significant circumstance is found in the closing phrase in the written contract (prepared by the appellant) for the exchange, which reads as follows: " There are no other agreements or representations relied upon by either of the parties other than the agreements and stipulations herein contained." It would be going too far to say that this provision in a contract is in itself a confession of fraud on the part of the one who exacts it; but it is entirely just to say that it manifests a degree of caution which is unusual among honest men dealing with each other in perfect candor, and

is sufficient, in our judgment, to justify the court in examining with much care into the good faith of any transaction which it has been thought necessary to hedge about with such an agreement.

There are other features of the case not without material bearing upon the isues, but they involve questions of fact only, and we pass them with the simple statement that as a whole they tend to sustain the conclusion already indicated. That the Smiths were grossly misled to their injury by the representations of the appellant and his assistants we are entirely satisfied, and therefore unhesitatingly uphold the decree of the trial court for a rescission of the contract. We also agree that the order establishing a lien in appellant's favor is right. The debt secured upon the homestead at the time of the exchange was the debt of the Smiths, and rescission should be so ordered that they may be placed in *statu quo*—no better and no worse than the position they occupied before the exchange. This is what the decree below effects, and it must be affirmed on both appeals. It follows from the foregoing that the denial of appellant's petition for foreclosure must also be affirmed.

2. RESCISSION: decree.

We have omitted to state that Knapp, from whom appellant or Hayner obtained the sixty acres, sought to intervene in the foreclosure proceedings and claim title to the land. His petition was stricken on motion of the appellant, on the theory that his claim of title could not properly be tried upon such intervention. From this ruling Knapp has also appealed, but we are disposed to hold that the trial court did not err in this respect, and that, if the intervener has any valid claim to the title, he should bring a separate action to enforce his rights.

3. INTERVENTION.

On all the appeals the decree of the district court is *affirmed*.