GEORGE A. KELLOGG, Appellee, v. ILLINOIS CENTRAL RAILROAD
COMPANY, Appellant.

**EASEMENTS:** Grant—Construction. An instrument which grants to
1    a railway company a release of all present and future damages result-
ing from the overflow of land consequent on the maintenance of tracks
and bridges, but also grants, as running with the land, the right to
maintain the railway as then or thereafter existing, together with the
right to *overflow the land,* creates not only (1) a settlement of dam-
ages, present and prospective, but (2) a permanent *easement* in the
land.

**MORTGAGES:** Priority—Subsequent Easement in Land. A permanent
2    easement in land, granted subsequent to the execution and recording
of a mortgage on the land, is subsequent in right to said mortgage.

**MORTGAGES:** Foreclosure—Sale for Amount of Debt—Effect. A
3    mortgagee who, after instituting foreclosure, discovers that his mort-
gagor has granted to a railway company a permanent easement to
overflow the land and to construct additional structures thereon may
make the company a party, foreclose as to all other parties, sell the
property, take deed, and thereafter, under the continued proceedings
against the company, foreclose the rights of such company, even
though, at the foreclosure sale, he bid the *full amount* of his judgment.

**MORTGAGES:** Foreclosure—Title Acquired by Purchaser. The pur-
4    chaser at mortgage foreclosure sale takes, through the sheriff's deed,
the full title to the land which the mortgagor had at the time of the
execution and recording of the mortgage.

Headnote 1:   19 C. J. p. 908.   Headnote 2:   41 C. J. p. 514.   Head-
note 3:   41 C. J. p. 597; 42 C. J. p. 260.   Headnote 4:   42 C. J. pp.
245, 246.

Headnote 4:   19 R. C. L. 625.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

APRIL 5, 1927.

SUPPLEMENTAL OPINION OCTOBER 1, 1927.

Plaintiff sued for foreclosure of a mortgage. Later, he filed
an amendment, to set aside a release given by the mortgagor
after the execution of the original mortgage. The relief sought

by the plaintiff was awarded by decree, and the defendant appeals.—*Affirmed.*

*Robertson & Wolfe* and *Helsell & Helsell,* for appellant.

*C. W. Kellogg,* for appellee.

FAVILLE, J.—One Latta was the owner of the real estate involved in this suit. A watercourse traverses a portion of the land. The right of way of the appellant passes across said land, and the appellant has constructed a bridge

1. EASEMENTS: grant: construction.

over said watercourse upon said premises. This bridge was originally built in 1913, and in 1921 the appellant rebuilt said bridge, making it of a more permanent character. It has remained in the same condition since said reconstruction. The mortgage in question was given by the mortgagor Latta to the appellee on July 3, 1923, and was duly recorded on July 5, 1923. Default having been made in the payment of said mortgage, the appellee instituted foreclosure proceedings, and filed his original petition in the foreclosure action on February 7, 1924. The *lis pendens* record in the office of the clerk of courts showed the *lis pendens* from that date. It appears that, after the construction of said bridge, the owner of said premises, Latta, had from time to time instituted suits against the appellant herein for damages to crops caused by the overflow of the water upon said premises, which the owner of the land claimed was caused by the construction of the appellant's said bridge. An action of this kind was pending between the owner of said land and the appellant railroad company on or about the 2d day of September, 1924. At that date, an instrument designated as a "release and conveyance" was entered into between the said Latta and the appellant, whereby it was provided:

"And the said J. H. Latta and Dora M. Latta, his wife, and each of them, hereby sell and convey to the Illinois Central Railroad Company and the Fort Dodge & Omaha Railway Company, their successors and assigns, an easement in said land, and the right to run with the land, to construct, repair, improve and maintain the said railroad and any and all embankments, ties, tracks, bridges, culverts, trestles or other improvements on

the said right of way adjacent to, upon or across said lands; and the right to divert, obstruct or otherwise affect the flow of water across said right of way, whether brought there by natural or artificial means, and the right to flood said premises hereinafter described in so far as it may be caused by reason of the construction, repair, improvement or maintenance of the said railroad, or of any of the said improvements on said right of way.''

The said ''release and conveyance'' was filed in the office of the county recorder on the 3d day of September, 1924. The decree of foreclosure in the suit which had been pending since the previous February was entered on the 23d day of September, 1924. At the time the said decree was entered against the original mortgagor, the cause was continued as to the appellant herein. An amendment to the appellee's petition in the foreclosure proceeding was filed on the 5th day of September, 1924, and original notice was served on the appellant on said date. A special execution issued on the said decree foreclosing said mortgage, and the premises were sold to the appellee on the 11th day of November, 1924, for the full amount of the judgment on said mortgage, with interest and costs; and, no redemption having been made, sheriff's deed issued to the appellee on or about the 11th day of November, 1925, under which possession was taken at said time. Said cause came on for hearing on the issue between the appellee and the appellant on the said amendment to said petition on the 19th of November, 1925. In said amendment appellee alleges that, since the commencement of his original action for foreclosure of his said mortgage, the said release and conveyance had been executed and placed of record, and alleges that any claim or right which the appellant herein may have by reason of said pretended release and conveyance is junior and inferior to the rights of the appellee, based on said mortgage set forth in his original petition. He further alleges that the release and conveyance is a cloud on his title under said mortgage, and depreciates the value of said lands, to the damage of the appellee. The amendment to the petition prays that the said release and conveyance be declared to be junior and inferior to the appellee's lien under said mortgage, and may be decreed to be void and of no effect, so far as the appellee and his successors are concerned. Upon trial, the court decreed that

the said release was an incumbrance on the land, and depreciated the value of appellee's security, and decreed that the appellee's mortgage be foreclosed as against the appellant, and that the lien of said mortgage be re-established as a lien on said lands from the date of recording the same, to wit, July 3, 1923, and that the appellant and all persons claiming by, through, or under it be forever barred and foreclosed of all interest and equity in and to said premises, except the right of redemption, and that said agreement, so far as it affects the right to recover for future damages after the date of the sheriff's deed, be set aside, canceled, and held for naught.

I.    The proper construction of the written "release and conveyance" is first to be determined.  By its terms it purported to create "an easement in said land," and certain rights which were to run with the land, and it was a release of any and all claims for damages to the land or crops, "whether past, present or future," or whether permanent, continuing, or otherwise, growing out of the construction of the railroad "as now constructed and maintained, or as hereafter at any time may be constructed, repaired, improved, or maintained."  We think it cannot be seriously contended but that the instrument, taken as a whole, created a new permanent easement in the land.  It not only permitted the existence of the present structure, but also provided that the appellant had thereby "an easement in said land, and the right to run with the land, to construct, repair, improve and maintain the said railroad and any and all embankments, ties, tracks, bridges, culverts, trestles or other improvements on the said right of way adjacent to, upon or across said lands; and the right to divert, obstruct or otherwise affect the flow of water across said right of way, whether brought there by natural or artificial means."  This was more than a settlement for damages to crops, "past, present and future."  It created rights in the premises which it was expressly provided should run with the land.

Appellant contends that the bridge was a permanent structure, and was on the premises when appellee took his mortgage, and hence the mortgage was subject to appellant's rights under

2. MORTGAGES: priority: subsequent easement in land.

the existing easement.  So much must be conceded.  When appellee took his mortgage, the railroad bridge and embankment were erected

upon the premises, the appellant was in possession of the same, and appellee's mortgage was subject to such rights as the appellant *then* had in the premises. *Johnson v. Chicago, B. & Q. R. Co.,* 202 Iowa 1282.

*After* appellee's mortgage had been executed and recorded, however, the "release and conveyance" was executed. Appellant acquired new and additional rights under said written instrument. These were of two classes: (1) a settlement for *all* damages to either crops or realty, on the basis of permanent and original damages, and (2) the creation of new and additional rights of easement for construction in the future.

The possession of the appellant at the time appellee took his mortgage was notice of the rights *then* held by appellant. At said time, appellant was subject to continuing and recurrent damages to land and crops, and it had acquired no rights of added construction. The "release and conveyance" gave appellant new rights in both particulars.

The "release and conveyance" not only settled pending claims for damages to crops, but it also purported to settle *all future* damages that might arise *to land or crops.* In other words, it settled *all* damages on the basis of permanent and original damages, and expressly precluded the possibility of continuing or recurrent damages.

It is true that the owner of real estate who suffers damages by overflow may elect to treat the damages as permanent and original, make settlement accordingly, and bind subsequent owners of the premises. *Thompson v. Illinois Cent. R. Co.,* 191 Iowa 35. But by so doing the owner, in effect, creates a permanent easement or right to overflow the premises. No such permanent easement or right had been created at the time appellee took his mortgage. The release and conveyance did create such right as a permanent easement. This was junior to appellee's mortgage. The instrument also by its terms provided that the appellant should have the right to "construct * * * any and all embankments, ties, tracks, bridges, culverts, trestles, or other improvements on said right of way adjacent to, upon or across said lands." It cannot well be contended that this did not create new and additional rights by way of a new easement in the premises. Thereunder the appellant is granted much broader and more extensive rights of easement in the premises

than existed at the time appellee's mortgage was executed. Such extended, additional, and new rights were junior and inferior to the lien of appellee's mortgage, which was of record when they were acquired.

II.  In view of the foregoing, the question arises as to the rights of the respective parties in this action, in view of the proceedings had therein.  This is not an action by a mortgagee,

3. MORTGAGES: foreclosure: sale for amount of debt: effect.

either to enjoin a threatened injury to the mortgaged premises or for damages for impairment of the mortgage security.  Appellee, in effect, simply contends that, after the execution of his mortgage, the appellant, by its agreement with the mortgagor, secured new rights in the premises, which are subject to the lien of appellee's mortgage.  Appellee seeks, by the proceedings under the amendment to his petition, to foreclose his mortgage as to such new rights of appellant's.

Appellant contends that, in any event, appellee only held his mortgage as security for his debt, and that the debt has been paid in full by the sheriff's sale for the full amount of the mortgage debt, interest, and costs.

The appellee had an equitable lien under his mortgage, as security for the debt.  The legal title to the premises remained in the mortgagor.  Section 10053, Code of 1924, is as follows:

"In absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereto."

See, also, *Sheakley v. Mechler*, 199 Iowa 1390.

Appellant argues that, the debt having been discharged by the sale on execution for the full amount due on the judgment, appellee has no further concern in the mortgage security, and hence has no interest whatever in what the mortgagor did with the premises; that appellee has his money, and that is all he is entitled to.  However plausible this argument may seem, it scarcely reaches the case.  Appellee, it is true, bid in the premises for the amount due on the mortgage.  A stranger might have done the same.  At that time, the action was pending against the appellant, to determine its rights in the premises under the foreclosure.  That issue in the action did not abate by reason of the sheriff's sale.  If a stranger had purchased at the sheriff's sale, with the pending action against the appellant as a junior

incumbrance, such purchaser could doubtless have properly been substituted as a party plaintiff in said action, and prosecuted the same to decree, and determined the issue with appellant. That is exactly what the appellee did. He took title under the sheriff's deed, but he still retained the right to prosecute the foreclosure proceeding as against the interest of the appellant in the premises.

The case of *Citizens' St. Bank v. Jess*, 127 Iowa 450, was an action for foreclosure of a mortgage on real estate. The city of Dubuque was made a party, because it claimed a lien on the property by virtue of certain special assessments levied against it. The petition charged that the said assessments were junior and inferior to the plaintiff's mortgage. The mortgage was foreclosed, and decree entered, the property was sold, under the foreclosure decree, the period of redemption expired, and the plaintiffs in the action took a deed to the premises. The city, as a junior lien holder, was made a party, and the cause continued as to it. The situation was analogous to the case at bar, except that the plaintiffs, who were the purchasers at the foreclosure sale, had transferred the title acquired under the sheriff's deed to third parties by warranty deed. We said:

"In so far as the questions of priority of lien and right to redeem are concerned, no new cause of action was introduced by the supplement to the petition. The special assessments were an apparent lien upon the mortgaged property, and the holder of the mortgage could well make the city a party to his foreclosure proceedings, in order that the validity and priority of its lien might be established. *Baker v. Kelley*, 11 Minn. 480 (Gil. 370); *Bunce v. West*, 62 Iowa 80; *Stanbrough v. Daniels*, 77 Iowa 561; *Ayres v. Adair Co.*, 61 Iowa 728. In any event, it must be conceded that the amendment to the petition shows the invalidity of both the original assessment and the reassessment. In other words, plaintiffs had and have a cause of action against the city for the cancellation of these assessments. Plaintiffs also had a cause of action for the foreclosure of their mortgage, and the decree of foreclosure, with the order of continuance as to the city, did not cut off or affect plaintiffs' original rights as against the city."

In *Lindsey v. Delano*, 78 Iowa 350, we said:

"It is further urged that no decree could have been law-

fully entered against Lindsey, because the land had, long before that, been sold on a foreclosure, and a sheriff's deed executed. It is a sufficient answer to this claim to state that there was no dismissal of the original action. It was continued from term to term for service upon Lindsey and others, and when served, the court had jurisdiction to foreclose his lien.''

Appellee was entitled to foreclose his mortgage as a lien on the premises superior to the lien of the appellant, under its ''release and conveyance.'' The action was continued for the very purpose of trying this issue. The sale of the premises for the amount due on the judgment against the mortgagor did not defeat the appellee's right to further ·prosecute the action, as continued, for the purpose of determining the issue therein.

The decree appealed from not only is equitable, but is sustained by our previous holdings. It must be—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.

## SUPPLEMENTAL OPINION.

PER CURIAM.—Kellogg was a purchaser at the mortgage foreclosure sale. As such purchaser, he took the entire title that

4. MORTGAGES: foreclosure: title acquired by purchaser.

the mortgagor had in said premises, as of the date of the execution of the mortgage. In *McElroy v. Allfree,* 131 Iowa 112, it is said:

''The purchaser becomes privy in estate with the mortgagor with respect to the title as it existed when the mortgage was executed * * * .''

This is the general rule of the authorities. *Hokanson v. Gunderson,* 54 Minn. 499 (56 N. W. 172); 27 Cyc. 1791, Section e; *Bateman v. Kellogg,* 59 Cal. App. 464 (211 Pac. 46); *Champion v. Hinkle,* 45 N. J. Eq. 162 (16 Atl. 701); *Meier v. Meier,* 105 Mo. 411 (16 S. W. 223); *Minchew v. Hankins* (Tex. Civ. App.), 278 S. W. 306; *Gamble v. Horr,* 40 Mich. 561; *McNutt v. Nuevo Land Co.,* 167 Cal. 459 (140 Pac. 6); *Allis v. Foley,* 126 Minn. 14 (147 N. W. 670). The mortgagor could not, by any arrangement or contract with the railroad company, impair the title of the purchaser at the foreclosure sale as it existed when the mortgage was executed. In other words, the purchaser at the foreclosure sale, whether he be the original mortgagee or a

third party, by such purchase and subsequent sheriff's deed takes the title of the mortgagor in and to the premises as of the date of the execution of the mortgage. The mortgagor could not, by release or conveyance, affect the title to the premises as it was at the date of the mortgage, as against such purchaser.

Appellant's petition for rehearing is overruled.