Grover T. DAVIS, Jr., and Mrs. Hilde-
garde Matthews and Mrs. Mary Kath-
leen McIntyre, Appellants,

v.

Vernie WILLIAMS et al., Appellees.

No. 8893.

United States Court of Appeals
Fourth Circuit.

Argued April 3, 1963.

Decided May 7, 1963.

Chauncey H. Browning, Jr., Charles-
ton, W. Va., for appellant, Grover T. Da-
vis, Jr.

George S. Sharp, Charleston, W. Va.
(Kay, Casto & Chaney, Charleston, W.
Va., on brief) for appellant, Mrs.
Hildegarde Matthews. Howard R.
Klostermeyer, Charleston, W. Va. (Spil-
man, Thomas, Battle & Klostermeyer,
Charleston, W. Va., on brief) for appel-
lant, Mrs. Mary Kathleen McIntyre.

Herman D. Rollins, Charleston, W. Va.,
for appellee, Mrs. Opal Kiefer.

W. Hayes Pettry, Charleston, W. Va.
(Emerson Salisbury, Charleston, W. Va.,
on brief) for appellee, Millard Wallace.

Before HAYNSWORTH, BOREMAN,
and J. SPENCER BELL, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

The Maryland Casualty Company
offered a reward of up to $35,000.00 for
information leading to the recovery of
certain monies stolen from the State of
West Virginia and to the arrest and con-
viction of the perpetrators of the crime.
The reward terms provided that a board
of prominent citizens should have final
authority to pass on all claims. Upon
recovery of the stolen money, ten claim-
ants came forward, and the board award-
ed the funds to three of them. A dis-
appointed claimant brought suit against
the Casualty Company claiming breach
of the terms of the reward offer and con-
tending that she was entitled to all of
the reward. The Casualty Company filed
an interpleader action under Fed.R.Civ.P.
22 joining all ten of the claimants, paying
the proceeds of the reward into the
registry of the Court, and requesting the
Court to discharge it of further liability
in the matter and to determine the
merits of the controversy.

The appellant, Davis, principal beneficiary of the board's decision, filed a motion asking the Court to dismiss the proceedings on the grounds that the board's award was final and the Court had no jurisdiction over the subject matter of the controversy. Answers filed by some of the claimants raised the issue of Davis' eligibility to receive the reward because public policy prohibited a public official from being paid a reward for performing his public duty. After taking evidence and considering the matter at length the Court entered an order holding Davis ineligible to receive the reward, dismissing his motion, and retaining the matter for trial de novo as to the remaining claimants.

Davis appeals from that portion of the order denying his eligibility and dismissing his motion. Two other claimants, who were the remaining beneficiaries of the board's decision, appeal from that portion of the Court's order which provided for a "de novo" trial.

Jurisdiction in this Court is dependent upon the appealability of the order. Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 73 S.Ct. 895, 100 L.Ed. 1297 (1956). Title 28 U.S.C.A. § 1291 provides that appeals will lie from final judgments of the District Court. Nevertheless, not all orders or judgments which are final in the sense that they terminate the interest of a particular party or decide a severable claim upon its merits, are appealable. Sears, Roebuck & Co. v. Mackey, supra; Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311 (1956); Norris Manufacturing Company v. R. E. Darling Co., Inc., 315 F.2d 633 (4 Cir., 1963). Fed.R.Civ.P. 54(b) provides that when more than one claim for relief is presented in an action or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction such judgment is not appealable. No such certification and direction are in this record, and we must assume that the District Court reached the conclusion that nothing was to be gained by permitting appeal at this stage of the controversy. With this presumed conclusion we agree.

Appeals dismissed.