**UNITED STATES of America, Plaintiff,**

v.

**1,087.42 ACRES OF LAND, MORE OR LESS, Situate IN MARION COUNTY, STATE OF IOWA, and Gerrit Van Mever, et al., Defendants.**

Civ. No. 5-1330.

United States District Court
S. D. Iowa,
Central Division.

April 19, 1965.

Philip T. Riley, Asst. U. S. Atty., for plaintiff.

Andrew W. Klyn, Pella, Iowa, for defendants DeHaans and Vanden Oever.

Neill Garrett, Des Moines, Iowa, for defendants Garretts.

STEPHENSON, Chief Judge.

This case involves a dispute as to the ownership of tract No. 358, which was one of the parcels of land condemned by the government as a part of the Red Rock Reservoir project. The tract in issue is a timbered tract of approximately twelve acres along the Des Moines river. This matter was tried to the Court without a jury.

On December 11, 1962, the plaintiff filed its complaint and declaration of taking wherein Tract No. 358 is described as follows:

"A tract of land situated in the County of Marion, State of Iowa, being the following described parcel located in Government Lot 5 of section 9, township 76 north, range 19 west of the 5th principal meridian:

"Beginning at a point on the east line of said section nine, 24.50 chains southerly from the northeast corner thereof; thence west 7.40 chains to the center line of Roberts Creek; thence upstream, along said creek center line, on the following courses: north 32°40′ east, 1.32 chains; north 15°00′ east, 2.22 chains; north 4°45′ west; 1.52 chains; north 34°20′ west, 1.15 chains; thence leaving said creek center line and proceeding north 76°00′ west, 1.40 chains; thence north, 4.00 chains; thence north 76°00′ west, 9.27 chains; thence south to the left bank of the Des Moines River; thence downstream, along said left river bank, to a point on the east line of said section 9; thence north, along said east line, to the point of beginning."

"The tract herein described contains 12.00 acres, more or less."

Estimated just compensation for said tract in the amount of $575.00 was deposited in the registry of the Court.

One group claiming ownership of said tract, hereinafter referred to as the DeHaans, consisted of: Delwin L. DeHaan and Veda DeHaan, his wife; Helene Vanden Oever, single; Henrietta Vanden Oever, single; Edward Henry Vanden Oever and Esther Vanden Oever, his wife. The other claimants, hereinafter referred to as the Garretts, consisted of Loyat Bland Garrett and Julian Garrett, her husband.

The DeHaans established their record title back to the original patent from the government. The tract first came into ownership and possession of the respective families of the DeHaan group by virtue of a warranty deed and quit claim deed, both dated March 30, 1901.

The Garretts record title was acquired by virtue of a Sheriff's deed dated February 27, 1942. The records indicate that none of the record title holders of this tract were named in the mortgage foreclosure proceedings upon which the Sheriff's deed to Garretts is based. It is clear that the DeHaans have the superior record title to the tract in question. However, the Garretts claim superior ownership and title under the doctrine of adverse possession and by virtue of the provisions of Iowa Code Sections 614.17 and 614.22, I.C.A., which are statutes of limitation and a part of the Iowa Title Standards Act.

The matter of adverse possession will be first considered. The legal principles governing a claim for adverse possession are summarized by the Iowa Supreme Court in Lawse v. Glaha, 253 Iowa 1040, 1046, 114 N.W.2d 900, 903 (1962) as follows:

"One claiming title by adverse possession must establish all its constituent elements by clear and positive proof; it cannot be made out by inference. There are usually no equities in favor of one who claims property of another by adverse possession and his acts are to be strictly construed. The law presumes the possession of land is under the regular title. (Citing cases).

"Defendant Henry Glahe, to establish ownership by adverse possession was required to prove hostile, actual, open, exclusive and continuous possession, under claim of right or color of title, for at least ten years. (Citing cases).

"If possession is originally acquired in subordination to the title of the true owner, there must be a disclaimer of the title from him, an actual hostile possession of which he has notice or which is so open and notorious as to raise a presumption of notice. (Citing cases). In the recent case of Chadek v. Alberhasky, 253 Iowa 32 [37] 111 N.W.2d 297, 300, we said: 'Possession, to be adverse, must be hostile; and when the element of hostility is not shown, possession can never ripen into title.' "

In support of their claim to adverse possession, the Garretts offered evidence that they had paid taxes on the disputed property from the year they acquired it (1942) through the year 1961 and that their predecessors had paid taxes on the same property during several of the years between 1913 and 1941. On the other hand, the DeHaans offered evidence that they had paid taxes on the property or part thereof for the years 1955–1961 inclusive; and their predecessors in title had paid similar taxes during seventeen of the years in the period from 1913 to 1944. It is fair to say there was some confusion in the tax records regarding this tract and some duplication of taxes were paid. It is apparent the Garretts and their predecessors paid more taxes on the tract in question than did the DeHaans. However, considering the nature of this timbered ground of little value, along with the confusion that existed in the tax records, the mere payment of taxes is not here persuasive on the issue of adverse possession.

It is apparent some timber was removed from that part of the tract south

and west of Roberts Creek by the Garretts for firewood and some had been removed from the same area by one James Coe under an oral contract with the Garrett during the approximate period from 1952 to 1955. Coe also removed timber from the east side of Roberts Creek in tract 358 for the DeHaans. It also appears that most of the time Roberts Creek was difficult to cross and thus the larger part of tract 358 south and west of the creek was accessible only to the Garretts whose other land adjoined it.

After considering all of the evidence concerning adverse possession of tract 358 by the Garretts, the court finds they have failed to establish the requisite hostile, actual, open, exclusive and continuous possession required by the law. It is especially clear that Garretts have failed to establish that their claim was known to the DeHaans or sufficiently open, notorious and hostile that it should have been known to them.

Finally, the Garretts' claim title to tract by virtue of Iowa Code Sections 614.17 and 614.22, I.C.A. In this connection they rely on an affidavit of title, ownership and possession executed by Loyat Bland Garrett and filed for record September 4, 1964. (Garrett Exhibit 2.) The affidavit so filed is of no force herein. It was not filed by an owner in possession as required by Section 614.17. Tesdell v. Hanes, 248 Iowa 742, 747, 82 N.W.2d 119. The plaintiff acquired title and ownership when it filed its Declaration of Taking herein on December 11, 1962. Thus the affidavit was not filed by an owner as required by the statute. Possession had also been granted to plaintiff on March 1, 1963 by order of court entered December 12, 1962. Thus the affidavit is of no avail to the Garretts. Failure of the Garretts to establish requisite adverse possession has already been discussed.

The Garretts have failed to establish their claim to ownership. The DeHaans have established their title and ownership of tract No. 358.

The foregoing shall constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 Federal Rules of Civil Procedure. Judgment will be entered accordingly.

## JUDGMENT

Findings of Fact and Conclusions of Law having been filed herein this date, judgment is entered as follows:

It is ordered and adjudged that title to tract No. 358 is quieted in and decreed to be in Delwin L. DeHaan and Veda DeHaan, his wife; Helerie Vanden Oever, single; Henrietta Vanden Oever, single; Edward Henry Vanden Oever and Esther Vanden Oever, his wife.

It is further ordered and adjudged that Loyat Bland Garrett and Julian Garrett, her husband, have no right, title or interest in tract No. 358.