**Ex parte Lewis Henry GLIDDEN, Petitioner,**

**In re Petition of Lewis Henry Glidden for a Writ of Habeas Corpus.**

**Civ. A. No. AC–1692.**

United States District Court E. D. South Carolina, Columbia Division.

April 29, 1965.

Lewis Henry Glidden, pro se.

HEMPHILL, Chief Judge.

Before this Court is a petition by Lewis Henry Glidden for a Writ of Habeas Corpus[1], asking leave to proceed in forma pauperis and attempting motion to have counsel appointed.

Petitioner and a co-defendant were charged with interstate transportation of a stolen vehicle[2] from Shallotte, N. C., to Myrtle Beach, S. C., on or about August 1, 1964. Upon reaching Myrtle Beach in the automobile, petitioner was placed in custody by the local police after which time he and his co-defendant made a detailed written statement to agents of the Federal Bureau of Investigation. Subsequent to this activity, he and his co-defendant were taken before a United States Commissioner who, in appropriate action[3], bound over the accused for disposition by the United States District Court for the Eastern District of South Carolina, Florence Division. The Commissioner's record of proceedings, filed

with the Clerk of Court, states: "Defendant brought before me August 3, 1964, informed of complaint and right of attorney and preliminary hearing. Held preliminary hearing."

On August 23, 1964, at Columbia, South Carolina, the United States, in order to convenience petitioner[4], attempted to proceed by way of information, being advised that petitioner wished to waive venue as to the Florence Division and proceed in the Columbia Division, would waive indictment and enter a plea to an information. At the request of the District Attorney, and after a colloquy with petitioner, this Court appointed Frank Register, Esq., of the Columbia, S. C., Bar, to represent petitioner. When the case was called for disposal, appointed counsel explained to the Court that petitioner did not seem to comprehend the waiver of disposal at the Florence Division or waiver of indictment and that accused preferred to wait until indictment was returned. Thereupon the Court ordered any further proceedings postponed in order that all rights of petitioner might be effectively protected.

On September 21, 1964, after indictment by a Federal Grand Jury for the Eastern District of South Carolina, at Aiken, petitioner was brought to the then sitting court at Aiken, and, after the Court had reviewed the history concerning petitioner up to that time, Henry Summerall, Esq., of the Aiken, S. C., Bar, was appointed to represent him. On September 22nd, upon entry of a plea of guilty, Glidden was sentenced to be committed to the custody of the Attorney General for a period of three (3) years for violation of the Dwyer Act. At the time petitioner was sentenced, this Court, in an abundance of caution and because of a previous report submitted to this Court[5], asked for a diagnostic psychia-

---

1. Title 28 U.S.C. § 2255.

2. Title 18 U.S.C. § 2312.

3. See Rule 5, Federal Rules of Criminal Procedure.

4. Who was in jail at Sumter, S. C., in Federal custody, at the time.

5. The report stated that "Emotionally this defendant shows some anxiety symptoms; he is possessed of poor judgment with little reasoning ability. When drinking he is completely unpredictable. He appears to have none of the better instincts such as compassion, appreciation, and at times is completely irresponsible."

tric report and thereafter the Chief United States Probation Officer for the United States District Courts of the Eastern District of South Carolina, wrote to officials in the United States Penitentiary as follows:

"Judge Hemphill, when he sentenced this defendant, was concerned about this man and requested that we get a complete diagnostic report on him from the institution within 60 days, and after reviewing the report he said he would consider reducing the sentence. I shall appreciate it if you will give me such a report prior to November 22 along with any recommendations you feel that you can make concerning him."

Subsequently, the diagnostic report was submitted to and reviewed by this Court, carefully, and after such review, the Court continued in effect, without reduction, the sentence imposed.

At hearing of the plea at Aiken, petitioner was questioned by the Clerk of Court and by the Court to assure that a full and complete understanding by petitioner was had of his actions in connection with his plea. The psychiatric report confirmed the opinion of the Court that he fully understood the proceedings and action although the Court in an abundance of caution had ordered the psychiatric evaluation.

Petitioner has had his day in Court, every consideration of the Court and the benefit of able counsel who performed every duty efficiently and in keeping with the best interest of the client and the protection of his Constitutional rights.

Petitioner complains, however, that he did not have counsel when he appeared before a United States Commissioner; the United States Commissioner could not determine, *ipso facto*, the guilt or innocence of the petitioner with any finality. His only task was the ascertainment of probable cause to bind petitioner over. Petitioner made no statement before the United States Commissioner and was asked to make none. The United States could have preferred charges, by way of indictment, without the prior action, or recommendation, of the United States Commissioner. See the discussion in 4 Barron & Holtzoff, Federal Practice and Procedure, § 1871 et seq. There is no showing in the petition or the records that the petitioner's rights were in any wise prejudiced by failure to have counsel before a United States Commissioner, that he requested same, or that, if given same, any other action would have been instituted or procedure followed than that actually followed in this case.

The allegations of the petitioner do not reflect the action that was taken in his behalf; all rights of petitioner have been fully protected and his petition is denied.

Petitioner's request to proceed in forma pauperis is approved.

Able and productive counsel having been appointed, request for counsel is without merit.

Petition is dismissed.

And it is so ordered.