Julian **GARRETT**, Loyat Bland Garrett, Neill Garrett and Pearl Garrett, Appellants,

v.

**UNITED STATES** of America, Appellee.

Julian **GARRETT** and Loyat Bland Garrett, Appellants,

v.

**UNITED STATES** of America, and Jake Klein, d/b/a Klein Coal Company, Delwin S. DeHaan, Helen Vanden Oever, Henrietta Vanden Oever and Edward Henry Vanden, Appellees.

Nos. 18758, 18799.

United States Court of Appeals Eighth Circuit.

Feb. 12, 1969.

Bert A. Bandstra, Knoxville, Iowa, for appellants, Neill Garrett, Des Moines, Iowa, and Julian Garrett, Carthage, Mo., were on the briefs.

Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., for appellees, Clyde O. Martz, Asst. Atty. Gen., John G. Gill, Jr., Atty., Dept. of Justice, James P. Rielly, U. S. Atty., Claude H. Freeman, Asst. U. S. Atty., Des Moines, Iowa, were on the brief.

Before VAN OOSTERHOUT, Chief Judge; GIBSON and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

These are consolidated appeals by landowners from final judgments entered in the United States District Court for the Southern District of Iowa in two condemnation cases instituted by the United States to acquire land in Marion County, Iowa, for the Red Rock Reservoir project.

Valuation issues were resolved by condemnation commissioners appointed pursuant to Federal Rule of Civil Procedure 71A(h). Landowners Julian Garrett and wife and Neill Garrett and wife in Appeal 18,758 (hereinafter "Garretts") and landowners Julian Garrett and wife in Appeal 18,799 (hereinafter "Julian Garrett") appeal from respective applicable judgments entered November 15, 1966, and December 23, 1966, by the district court on the respective commissioners' findings. The appellant-landowners raise common questions of valuation and contend that the trial court erroneously

deducted the value of certain gravel leases, as determined by the commissioners and approved by the court, from the landowners' award. No question is raised on the right of the landowners to raise these valuation questions before this Court.

The appeals also raise three other issues which had been determined by the district court at an earlier date, more than sixty days prior to either of the dates on which the instant appeals were taken; two of such issues in Appeal 18,758 concern land identified as tract 866, and a third issue, in Appeal 18,799, concerns disputed ownership of tract 358.

### TRACT 866 (APPEAL 18,758)

We first consider the two early orders of the district court relating to this tract.

Following the filing of the Declaration of Taking of this and other property on February 14, 1962, the Garretts remained in possession, although title had vested in the United States under such filing and the depositing of estimated just compensation with the Registry of the Court. After title had passed, and during the Garretts' possession, certain timber was cut and removed from tract 866. The United States moved for a hearing declaring that there had been waste on the premises. Following a full hearing, the Garretts were enjoined from further disposing of timber and other products and additionally, the court awarded damages in favor of the United States in the sum of $1,182.74. A judgment in conformity with the court's findings

was entered in early 1963, almost four years before the instant appeal.

A boundary dispute developed in the same taking. The district court required the Garretts and the adverse claimants to part of the tract, one John J. Slykhuise and his spouse (hereinafter "Slykhuise"), to submit respective statements of their claims to the disputed property. After an evidentiary hearing, the court in an unreported opinion quieted title to the disputed area in Slykhuise and against the Garretts. Thereafter, the United States and Slykhuise agreed on the amount to be paid for the portion of the tract 866 which had been subject to the dispute. A judgment and order for distribution to Slykhuise of that agreed amount out of deposited funds was entered December 22, 1964. Other matters concerning the remaining land in the tract were determined in the final judgment dated November 15, 1966. In this appeal from the 1966 judgment, Garretts ask us to review both the earlier money judgment for waste to the premises and the earlier order and judgment resolving the boundary dispute with Slykhuise on the basis that such judgments were interlocutory and may be reviewed on an appeal from the final judgment.

Except as specially provided in Rule 71A, the Federal Rules of Civil Procedure apply in condemnation actions.[1] In this case, we first assume, but do not decide, that we have jurisdiction to consider the merits of those early rulings of the trial court pursuant to Rule 54(b), Fed.R. Civ.P.[2] With that assumption, we examine the merits.

---

1. The text of Rule 71A(a) is:
   "Applicability of Other Rules. The Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule."

2. Literal application of Rule 54(b) reading:
   "Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in

an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer

In the government's action to collect for the waste, the district court's contention that Garrett,[3] who was temporarily in possession of the tract, had committed waste is essentially a factual determination. This determination is clearly supported by the evidence.[4]

On the merits of the boundary dispute between Slykhuise and Garretts, John J. Slykhuise, age 77, claimed that he had purchased part of tract 866 in 1919 and had farmed the area north and west of a watercourse called Wildcat Creek. Garrett, on the other hand, claimed title to that land north and west of Wildcat Creek through a mortgage foreclosure decree in 1942. Slykhuise testified: "The Garretts never came across Wildcat Creek from the south or southeast and farmed any ground on my side of the creek. That's been true since 1919 * * *" The trial court determined that Wildcat Creek constituted the boundary line and that the disputed tract of land lying north and west of Wildcat Creek belonged to the Slykhuises and not to the Garretts. Such determination was made on the basis of an acquiescence to the boundary line pursuant to Iowa law. See generally, Iowa Code Ann. § 650.14; Cozad v. Strack, 254 Iowa 734, 119 N.W. 2d 266 (1963); Boyle v. D-X Sunray Oil Co., 191 F.Supp. 263 (N.D.Iowa 1961); Trimpl v. Meyer, 246 Iowa 1245, 71 N.W. 2d 437 (1955); De Viney v. Hughes, 243 Iowa 1388, 55 N.W.2d 478 (1952). The language of Griffith v. Murphy, 166 Iowa 380, 147 N.W. 855 (1914), also involving a creek as a boundary line acquiesced in by the parties, and the principles enunciated therein fully support the court's determination:

" * * * this court is fully committed to the doctrine that occupancy up to a marked division line, without questioning its correctness, for the statutory period of limitation, is such acquiescence therein as to defeat subsequent controversy as to its true location." 147 N.W. at 857.

The Garretts claim that there was no evidence of acquiescence by them to Wildcat Creek as a boundary line. Weighing evidence and the inferences therefrom, as well as evaluation of the credibility of the witnesses, is properly the province of the trial court. The trial court found that evidence of acquiescence was "clear". The issue is essentially factual in nature and the district court's determination will not be reversed by this Court on appeal, unless it is clearly erroneous. Fed.R.Civ.P. 52(a); Centex Constr. Co. v. James, 374 F.2d 921 (8th Cir. 1967); General American Life Ins. Co. v. Yarbrough, 360 F.2d 562 (8th Cir. 1966).

The Garretts also suggest that a foreclosure decree entered in their favor in 1942 cut off any prior claim of Slykhuise to the disputed property. No contention is made that the mortgage foreclosure action attempted to resolve

than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

would require our consideration of the merits of those orders which had been entered more than sixty days before this appeal had been filed. No. "54(b)" action was taken to enter these orders as final and, thus, immediately appealable. See, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Tyson v. State of Iowa, 283 F.2d 802 (8th Cir. 1960); 6 Moore's Federal Practice ¶ 54.28 [3] at p. 226.

3. The government entered judgment against Julian Garrett alone.

4. After a full evidentiary hearing in the trial court, Chief Judge Stephenson commented:

"Well, one thing seems to be undisputed here, and that is that a check for $958.91 is for lumber, as Mr. Phillips testified, removed in 1962. Mr. Garrett doesn't dispute that. Judgment will be entered against Mr. Julian Garrett for the amount of $958.91, together with the value of lumber at the saw mill in the amount of $112.63, and the value of the timber still on the ground. In all $1,182.74."

any question of disputed title. Thus, the foreclosure action, even though naming Slykhuise as a party defendant, cannot serve as a bar to the Slykhuise claim of title. The general rule is that the rights of the claimant under a title adverse to that of the mortgagor and the mortgagee are not precluded by a foreclosure, unless such rights were actually adjudicated. Rheinberger v. Security Life Ins. Co., 146 F.2d 680 (7th Cir. 1944); cf. Kellogg v. Illinois Cent. R. R., 204 Iowa 368, 213 N.W. 253 (1927), reh. denied, 204 Iowa 368, 215 N.W. 258 (1927); Smith v. Redmond, 134 Iowa 70, 108 N.W. 461 (1906). We have examined the authorities cited by the appellants in support of their position and find them inapposite.

■ Appellants further contend that the Slykhuise possession was that of a tenant and, thus, could not become adverse to them. Such testimony was in dispute and the issue was for the trial court to resolve. Further, such assertion would not affect acquiescence of the Garretts' predecessors in interest between 1919, the date Slykhuise went into possession, and 1942, the date the Garretts obtained color of title to the disputed area. Acquiescence by prior owners affects the title of successors in interest. See, Kennedy v. Oleson, 251 Iowa 418, 100 N.W.2d 894 (1960); Mullahey v. Serra, 220 Iowa 1177, 264 N.W. 63 (1935).

## TRACT 358 (APPEAL 18,799)

With respect to tract 358, Julian Garrett claims an interest in about twelve acres of timberland against a group of adverse owners collectively referred to as "DeHaan". The district court determined the issue against Julian Garrett in an opinion reported at 240 F. Supp. 692. No Rule 54(b) determination was entered by the district court. On this appeal, as in the other, we first assume that we have jurisdiction and examine the merits of the controversy.

■ Judge Stephenson, in finding against Julian Garrett pointed out: "It is clear that the DeHaans have the superior record title to the tract in question". United States v. 1,087.42 Acres of Land, 240 F.Supp. 692, 693 (S.D.Iowa 1965). In this appeal, Julian Garrett does not quarrel with such finding relating to superior record title, but contending that he had possession of the disputed tract openly and notoriously for the requisite statutory period under Iowa Law, maintains that the court erred in determining the issues of adverse possession unfavorably to him. We find that, on the record before us, the determination of the district court is supported by the evidence.

■ Garrett also claims title against DeHaan under provisions of the Iowa Code limiting claims against real estate. Iowa Code Ann. §§ 614.17, 614.22, 614.23. This assertion, while somewhat ingenious, lacks substance. As pointed out by Judge Stephenson, 240 F.Supp. 694, the requisite affidavit of possession, to be filed by an adverse owner *in possession* as an assertion of his claim pursuant to §§ 614.17, 614.23, was filed by Garrett after the United States had obtained title, as well as possession, in the condemnation proceedings. The trial court determined that DeHaan and not Garrett had been in possession. Thus, the affidavit was a nullity.

We are satisfied by our review of the record that the respective appellants are not entitled to a reversal on the merits of the waste action, on the merits of the Slykhuise boundary dispute nor on the merits of the DeHaan title litigation. It is unnecessary for us to consider the timeliness of the appeal concerning those issues. There is no prejudice to the parties from our presumption of jurisdiction here.

In our discretion, for the reasons stated in the margin, we believe it unwise to determine in this case whether or not Rule 54(b) has literal application to all proceedings in a condemnation action involving multiple separate tracts of land.[5]

---

5. Provisions of Rule 71A(b) permitting joinder of parcels of land in condemnation are much broader than comparative provisions governing joinder of parties

GRAVEL LEASE CONTROVERSY
(APPEALS 18,758 & 18,799)

In each of the actions now on appeal, the commission determined the value of the gravel leases on certain of the tracts and the court on confirmation deducted the value of the gravel leases from the value of the fee simple and allocated such separate amounts to the fee owner and gravel lessee, respectively.

It is argued that the taking of a "fee simple" as specified in each

(Rules 19 and 20) or joinder of claims (Rule 18). We recognize that some condemnation actions may concern many tracts and a multitude of owners, some of whom may be unknown, and that years may elapse between the commencement and completion of all phases of the action.

Judgments separately settling some, but not all, condemnation controversies may be made final and appealable by a 54(b) type order entered by the district court. See, e. g., Tyson v. State of Iowa, 283 F.2d 802 (8th Cir. 1960). Without such certification of finality, the literal application of Rule. 54(b) would require an aggrieved party to await the last judgment in a condemnation action, which might be entered years after a particular controversy of interest to him has been terminated at the trial court level, before being permitted to contest on appeal the earlier "interlocutory order". Conversely, issues thought to be cold and dead by passage of time could return to haunt the litigants through the vehicle of appeal from a later judgment.

We are reluctant to engraft a possible exception to the literal language of Rule 54(b) which has generally worked well in other civil cases. Appellate courts ought not to hear appeals in a piecemeal manner except as allowed by statute or by the Rules. See, Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); Davis v. Williams, 317 F.2d 299 (4th Cir. 1963); Tyson v. State of Iowa, 283 F.2d 802 (8th Cir. 1960); Mesabi Iron Co. v. Reserve Mining Co., 270 F.2d 567 (8th Cir. 1959); Republic of China v. American Express Co., 190 F.2d 334 (2nd Cir. 1951); United States v. Martin, 267 F.2d 764 (10th Cir. 1950). Cf. Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). See also, 28 U.S.C. § 1292(b). Neither are we anxious to create a precedent suggesting that disposition by the trial court of separate issues in condemnation actions are open-ended rather than final. We, however, recognize that there are distinguishing characteristics in a multiple-defendant condemnation case that are not present generally in other multiple-party or multiple-claim cases.

Prior to the adoption of Rule 54(b), courts and litigants encountered confusion and difficulty in determining when an order was "final" and appealable as distinguished from an order which was purely interlocutory in nature. Rule 54(b), now twice amended, has worked relatively well in resolving this confusion and has contributed clarity to multiple-party and multiple-claim dispositions by allowing the trial court to certify when a partial adjudication in an action is final and appealable.

The uncertainty presented in this case easily may be avoided as to similar judgments and orders in other condemnation actions by the application of Rule 54(b). Rule 54(b) guidelines are of easy application by the trial court. In Sears, Roebuck & Co. v. Mackey, 351 U.S. 427 (1956), 76 S.Ct. 895, 100 L.Ed. 1297 Justice Burton noted:

"To meet the demonstrated need for flexibility, the District Court is used as a 'dispatcher'. It is permitted to determine, in the first instance, the appropriate *time when each 'final decision'* upon 'one or more but less than all' of the claims in a multiple claims action is ready for appeal. This arrangement already has lent welcome certainty to the appellate procedure. Its 'negative effect' has met with uniform approval. The effect so referred to is the rule's specific requirement that for 'one or more but less than all' multiple claims to become appealable, the District Court must make both 'an express determination that there is no just reason for delay' and 'an express direction for the entry of judgment'. A party adversely affected by a final decision thus knows that his appeal will *not* run against him until this certification has been made." 351 U.S. at 435, 436, 76 S.Ct. at 899. (italics in original)

The alternative effect, if district courts omit appropriate certifications of finality in condemnation actions, will ultimately lead to delay in resolving of issues by appeal or to judicially-created exceptions to Rule 54(b). Either result is undesirable. In this case, neither party has adequately briefed the 54(b) issue. Parties of interest, Slykhuise and DeHaan, have not appeared in this action. Accordingly, we leave the resolution of the Rule 54(b) problem in condemnation to a more appropriate occasion.

complaint in these actions does not include the taking of an interest in a gravel lease, which appellants denominate "personal property". The Garretts are patently in error here. They rely principally on Comstock v. Iowa State Highway Comm'n, 254 Iowa 1301, 121 N.W.2d 205 (1963), which involved a taking under Iowa condemnation law of only a leasehold interest in property underlaid with sand and gravel. Such taking was of less than a fee. The Iowa court properly considered the lease interest as a separate item of property. *Comstock*, however, has no application to the present controversy where the fee simple is taken. A taking of the fee includes lesser interests such as a gravel lease on the property. A. W. Duckett & Co. v. United States, 266 U.S. 149, 45 S.Ct. 38, 69 L.Ed. 216 (1924); Burkhart v. United States, 227 F.2d 659 (9th Cir. 1955).

The parties had agreed that the commission should separately value the gravel leases. Accordingly, the commission made such valuation, which was confirmed by the court. In allocating the award for the fee, it was proper for the court, in this case, to deduct the value of the particular gravel lease from the value of the fee.[6]

### INTEREST ISSUE

Lastly, the Garretts contend that they are entitled to statutory interest on the funds which were deposited with the court as estimated compensation and allegedly withheld from them. We note that almost all of the funds deposited under the Declaration of Taking were paid to the Garretts at an early date pursuant to stipulation of the parties. The Garretts contend that government attorneys misrepresented to the landowners their respective rights to the deposits. It is conceded that such issue was not raised before the trial court and cannot be considered on appeal. Skogen v. Dow Chemical Co., 375 F.2d 692

6. We note that the gravel lease issue here has been heretofore presented before the Court of Claims by appellants and dismissed per curiam for lack of jurisdiction.

(8th Cir. 1967); Ford v. Boeger, 362 F.2d 999 (8th Cir. 1966), cert. denied, 386 U.S. 914, 87 S.Ct. 857, 17 L.Ed.2d 787 (1967).

The respective judgments of the district court in the above matters are affirmed.

Klein v. United States, 375 F.2d 825, 179 Ct.Cl. 910 (1967), cert. denied, 389 U.S. 1037, 88 S.Ct. 770, 19 L.Ed.2d 824 (1968).