UNITED STATES of America,
Appellee,

v.

**1,061.14 ACRES OF LAND, MORE OR LESS, IN STUTSMAN COUNTY, NORTH DAKOTA,**

and

Adolph Roeszler and Mazie Roeszler, Landowners, Appellees,

Everetts & Associates, Inc., a corporation, Appellant.

No. 73-1425.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 18, 1974.

Decided Feb. 13, 1974.

Kenneth M. Moran, Jamestown, N. D., for appellant.

Herman Weiss, Jamestown, N. D., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

The Government through condemnation proceedings properly instituted acquired title to and possession of 1,061.14 acres of land, title to which was in Adolph and Mazie Roeszler. The date of taking was March 16, 1971. The Roeszlers in February 1967 had leased some 240 acres of the land here involved which contained gravel deposits to Everetts & Associates, Inc. (Everetts) for a ten-year period with royalty payments of seven cents a ton for sand and gravel removed. On November 3, 1970, this lease was extended for an additional ten-year term following the expiration of the original lease, with a royalty payment of twelve cents per ton during the ten-year extension.

The issue of just compensation on all interests in the real estate was tried to the court without a jury. After hearing all the evidence, the trial court (Chief Judge Benson) filed a memorandum opinion (not reported) incorporating detailed findings of fact, conclusions of law and the basis of decision, and a judgment entry awarding just compensation for the taking of $282,272.00. The court determined that $6,146.25 of the total amount should be paid to Everetts for its leasehold interest, the balance to be paid to Roeszlers.

For the purpose of clarification and simplification of the issues, we note the

taking of the fee includes all lesser interests such as the gravel lease here in controversy, with the right of the owners of each interest to recover the value of their interest out of the total award. *See* Garrett v. United States, 407 F.2d 146, 152 (8th Cir. 1969).

No appeal has been taken from the total award. The Government has filed a statement with this court to the effect that it is willing to pay the total award and that the distribution of the award between owners of separate interests is a matter exclusively between the owners of the separate interests and is a matter with which the Government has no concern. *See* Scully v. United States, 409 F.2d 1061 (10th Cir. 1969).

Everetts alone has appealed from the final judgment. The appeal is based upon the ground that the amount awarded it for the termination of its leasehold interest by the condemnation is grossly inadequate and that the determination made is clearly erroneous.[1]

As a basis for its determination of the fair market value of the leasehold interest, the court stated:

> By reason of the location of the Roeszler gravel relative to the Jamestown market, and the quality and quantity of the gravel, the Court concludes the lease would have an economic value of 12¢ per ton, which gave it a bonus value of 5¢ per ton. The Court arrived at its fair market value of the lease by applying a 6% Inwood Coefficient of 4.917 to the actual bonus value, which was arrived at on the basis of an average yearly gravel removal by Everetts from the Roeszler pit of 25,000 tons, over six years, the unexpired term of the lease.

> No allowance was made for the ten-year extension period on the basis that the economic value of the lease for such period did not exceed the 12¢ per ton royalty agreed upon.

■ Our examination of the record satisfies us that the lease award is supported by substantial evidence. The ten-year lease extension entered into some four months prior to the condemnation fixes the royalty for the extension period at 12¢ per ton. Such extension was agreed upon after gravel had been extracted from the premises for several years under the prior lease and is evidence of the market value of the lease. Additionally, expert witnesses for the landowner fixed the economic value of the lease at 7¢ per ton.

It is quite true that Everetts' witnesses presented testimony that would support a substantially higher lease valuation. One of such experts based his valuation at least in part on the fact that it cost Everetts 14¢ more per ton to process gravel in their newly leased pit. In refusing to give weight to such evidence, the court stated:

> Evidence of comparable costs of processing involved in a particular leased pit as compared to the leased pit in question, or evidence of future business losses and equipment necessary for extraction, or comparative processing per ton, particularly where it deals with only one individual gravel pit as compared to the leasehold in question, are all too speculative and uncertain to carry any weight in determining the value of the leasehold.

We agree.

■■ It is the right and duty of the trial court as the fact finder in this case to determine the credibility of the witnesses, including expert witnesses, and the weight to be given to their testimony. United States v. 3698.63 Acres, 416 F.2d 65, 68 (8th Cir. 1969). A judgment supported by substantial evidence and not induced by an erroneous view of the law is entitled to be affirmed. *See*

---

1. Roeszlers in their brief argue that there is no substantial evidence to support any award on the lease and ask that we so determine. Roeszlers have taken no appeal from the judgment and thus are in no position to attack it. In any event, the contention wholly lacks merit.

United States v. 421.89 Acres, 465 F.2d 336, 339 (8th Cir. 1972).

Everetts has failed to establish that the award made on its lease is clearly erroneous.

The judgment appealed from is affirmed.